## No. 7796.

### STATE OF LOUISIANA VS. WILLIAM CRENSHAW.

An indictment charging the killing to have been done by the accused " willfully, maliciously, and of his malice aforethought, " held to sufficiently charge malice.
A medical man is competent, as an expert, to testify as to the cause of death.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Blackman*, J.

J. C. Egan, Attorney-General, for the State, appellee:
The indictment does explicitly and specifically charge that the accused committed the murder with malice aforethought.
The admissibility or inadmissibility of a physician to testify as a medical expert, is in no manner affected by the time when the wound was inflicted.

---

The opinion of the court was delivered by

WHITE, J.    The accused having been indicted for murder, tried and convicted of manslaughter, appeals.    The only matters presented for our consideration are : a motion to quash and a bill of exceptions.    The first was based on the theory that the indictment did not charge that the killing was done with malice aforethought.    It was correctly overruled, as it was not sustained by the indictment, which in terms charged the crime to have been committed " willfully, feloniously, and of malice

State vs. Crenshaw.

:aforethought." The second was taken to the overruling of the objec-
tions to the testimony of the attending physician as to the fact that
death resulted from the wound inflicted by the accused. The ground
of the objection as stated in the bill is, " that as the deceased was wounded
on Tuesday night, and died on the next Sunday night, the opinion of
:said witness was his mere opinion as physician." The objection was
correctly overruled. State vs. Bailey, 4 A. 376.

.Judgment affirmed.