[No. 1201. Decided June 19, 1894.]

THE STATE OF WASHINGTON, *Appellant*, v. ELMER MAYBERRY, *Respondent*.

EMBEZZLEMENT — SUFFICIENCY OF INFORMATION.

An information for embezzlement which charges that the defendant, in King county, State of Washington, on a day named, was the agent of a certain person, and, as such agent, was then and

13—9 WASH.

there entrusted with a certain sum of money, the property of his principal, and that thereafter, on a day named, he did unlawfully convert the same to his own use, is insufficient on the ground that it does not charge the conversion as taking place within said county of King.

*Appeal from Superior Court, King County.*

*John F. Miller*, Prosecuting Attorney, and *A. G. Mc-Bride*, for The State.

*Arthur, Lindsay & King*, for respondent.

The opinion of the court was delivered by

HOYT, J.—Upon this appeal the only question which we can properly consider is as to the sufficiency of the information upon which the defendant was put upon trial, for while it is claimed on the part of the state that even if the information was insufficient the action of the court was irregular, it does not follow that, if such claim is warranted by the facts, the state has any relief by appeal. In our opinion, such action of the court, if erroneous, was not of such a nature that it will be reversed in this court upon an appeal by the state. The information charged that the defendant, in King county, State of Washington, on a day named, was the agent of one Charles Reichardt, and was, as such agent, then and there entrusted with a certain sum of money, the property of said Reichardt, and that thereafter, on a day named, he did unlawfully convert the same to his own use. The trial court held this information insufficient, for the reason that it was not stated that the conversion was in King county where the information was filed, and we think in so doing correctly interpreted the law as applied to the language of the information. There is nothing said therein that in any manner discloses where the unlawful act was committed, and we are unable to agree with the contention of appellant that it would follow from the fact that he received the money in King county that he there converted it to his own use. This is not a

case of the effect of proof under a pleading which properly charges the crime. There it will often be sufficient to establish the fact that the crime was committed in a certain county to show that the money was there received and should have been there accounted for; but this is a question of pleading, and we see no reason for holding the information good in the absence of an allegation of the fact which must be shown in evidence to give the court jurisdiction of the subject matter of the offense.

If the information had charged that the conversion was in King county, then proof of circumstances which would authorize the jury to find that to be the fact would be sufficient without any direct proof in regard thereto; but since it was necessary for the jury to find that the crime was committed in King county, we think it should have been so alleged in the information, and the judgment must be affirmed.

DUNBAR, C. J., and SCOTT, ANDERS and STILES, JJ., concur.