[No. 3988.   Decided December 17, 1901.]

26  643
36  305

THE STATE OF WASHINGTON, *Respondent*, v. J. A.
HOSHOR, *Appellant*.

EMBEZZLEMENT — INSUFFICIENCY OF INFORMATION.

An information which charges that on a certain date, in King
county, defendant, being then and there the agent of another, was
intrusted with a certain sum of money on account of his principal
and took into his possession such sum for and on account of this
principal, and afterwards did fail to account to said principal
for the same, and did then and there unlawfully, etc., take, embez-
zle and convert same to his own use, sufficiently states the time
when and place where the money was embezzled.

SAME — VARIANCE.

Under an information charging defendant with the embezzle-
ment of money, proof that defendant was intrusted with a check,
instead of money, which check was afterwards cashed by him,
would not constitute a variance, since the check is merely the in-
strumentality by which the money of the prosecuting witness was
transferred from his possession to defendant.

SAME — JOINT OWNERSHIP.

In a prosecution under an information charging defendant
with embezzling $20,500, which sum the evidence showed had
been paid him in one check, a portion for himself and another
portion in trust for certain purposes, defendant is not entitled
to a discharge on the theory of his being a joint owner in the
whole sum, under an instruction charging the jury "that the de-
fendant had such an interest in $8,100 of the $20,500 that you
cannot find the defendant guilty for retaining said sum of $8,100,
and you should confine your consideration to that portion of the
$20,500 in excess of said sum of $8,100," since the payment of the
money in one check, but for different purposes, would not make
the defendant a joint owner in the whole sum to the extent of his
proportionate share.

SAME — VENUE.

The fact that defendant was given a check in King county,
which he deposited to his credit in a bank there, then went to
Pierce county, drew his check on the King county bank and had
it cashed by a bank in Pierce county, receiving the money and

secreting it in the latter county would not fix the venue of the crime in the latter county, if the intent to convert was entertained by the defendant in the county in which he received the check, and it was in that county that he refused to account for the money upon his return thereto after having disposed of it in the other county.

SAME — DEFENSES — EMBEZZLEMENT FROM WRONGFUL OWNER.

In a prosecution for embezzlement it is no defense to the charge that the person from whom the money was embezzled had himself obtained it wrongfully or unlawfully.

CRIMINAL LAW — SPECIAL COUNSEL FOR PROSECUTION.

The allowance of special counsel to aid the prosecuting attorney in the prosecution of a case is a matter within the discretion of the trial court and will not be interfered with in the absence of a showing of abuse of such discretion.

SAME — INSTRUCTIONS — REASONABLE DOUBT.

The fact that one of the instructions of the court in a criminal prosecution seems to cast the burden of proof on defendant in reference to a material issue is not prejudicial, when other instructions clearly show that if the evidence raises a reasonable doubt as to that particular in the minds of the jury they should acquit.

SAME — CREDIBILITY OF WITNESSES.

In a criminal prosecution the court may properly charge the jury that it is their duty to determine, from the appearance and demeanor of the witnesses, their apparent candor or lack of it, their bias or prejudice for or against the defendant, their apparent intelligence or lack of it, their interest in the result of the case, and all their surrounding circumstances, what witnesses are most worthy of credit and give credit accordingly.

Appeal from Superior Court, King County.—Hon. ARTHUR E. GRIFFIN, Judge. Affirmed.

*John E. Humphries, Harrison Bostwick, P. V. Davis, William A. Gilmore, James McNeny* and *James Hamilton Lewis,* for appellant.

*Walter S. Fulton,* Prosecuting Attorney, and *John B. Hart,* for the State.

The opinion of the court was delivered by

MOUNT, J.—On March 28, 1900, H. G. Torrence drew his check upon the First National Bank of Seattle in favor of defendant for $20,500. On the same day Torrence and defendant went to the bank together, with this check, and, after Torrence had introduced defendant to the officers of the bank as his agent and attorney, the bank, upon presentation of the check, paid the money to defendant by opening an account with him and passing the money therefor to his credit, issuing a pass book and check book, and debiting the account of Torrence in the amount of the check. It is claimed by the prosecuting witness that this money was given to the defendant as his agent for the time to several persons, the amount of which debts was time to several persons, the amount of which debts was some $12,400. The balance of $8,100 was to be retained by defendant as his own money upon executing to the prosecuting witness at some future time certain deeds for certain mining properties. On the evening of the 28th of March, 1900, defendant left Seattle for Tacoma. On the next day, March 29th, in Tacoma, defendant drew his check upon the First National Bank of Seattle for the whole of the $20,500, deposited as aforesaid, and presented the check to the Pacific National Bank of Tacoma, which bank paid the check and passed the amount thereof to defendant's credit. Shortly thereafter, and on the same day, the Pacific National Bank of Tacoma paid defendant $10,000 in gold, and also $5,000 by a cashier's negotiable check. On the 31st of March, 1900, the Pacific National Bank certified defendant's check for the remaining $5,000. Both these last named checks were shortly afterwards paid to subsequent holders. When the gold above mentioned was paid to the defendant, $5,000 thereof was placed

in a safety deposit vault and $5,000 deposited in the London and San Francisco Bank in Tacoma in the name of his aunt. On the 30th of March defendant, in company with his uncle, a co-defendant herein, went back to Seattle, and the prosecuting witness claims to have demanded on that day an accounting of the defendant for the said $20,500, which accounting was refused. On that same evening defendant and his uncle returned to Tacoma, and the next day were arrested and charged with the crime of embezzlement. Upon this charge defendant Hoshor was tried separately by a jury, found guilty, and, by the court, sentenced to the jail. From judgment and sentence this appeal is taken.

Counsel for appellant, in their brief, make three assignments of error, viz.: (1) Error in overruling defendant's demurrer to the information; (2) error in overruling the defendant's motion to exclude a private prosecutor employed by the prosecuting witness from assisting in the prosecution of said cause; (3) error in overruling the defendant's motion for a new trial. Under these assignments counsel for appellant argue thirty-four points. All of these, excepting the first two above named, and one error claimed on account of alleged misconduct of counsel for the prosecution, and one error claimed in the introduction of evidence, are based upon the instructions of the court given or refused. At the trial appellant's counsel prepared fifty-four written instructions covering thirty-eight typewritten pages. We shall not undertake to discuss each of the thirty-four points argued, because many of them depend upon each other, and many of them, even if error, are harmless.

1. The charging part of the information reads as follows:

"That on the 28th day of March, A. D. 1900, in King
county, state of Washington, the said J. A. Hoshor, being
then and there the agent of one H. G. Torrence, was en-
trusted with the sum of $20,500 in lawful money of the
United States, and of the value of $20,500 in lawful money
of the United States, on account of the said H. G. Tor-
rence; the said J. A. Hoshor then and there, by virtue of
such agency, received and took into his possession for and
on account of the said H. G. Torrence the sum of $20,500,
the personal property of the said H. G. Torrence, and
afterwards did then and there fail to account to the said
H. G. Torrence for same, or any part thereof, and did
then and there unlawfully, wilfully, fraudulently, and
feloniously take same and embezzle and convert the same
to his own use as aforesaid; and he, the said J. B. Thomp-
son, uncle of said J. A. Hoshor, in the manner and form
aforesaid at the time aforesaid, unlawfully, wilfully,
fraudulently and felonously did aid, counsel, abet, and as-
sist,—contrary to the form of the statute," etc.

It is insisted that this information does not state any
time when, or place where, the money was converted. Even
if appellant is correct when he asserts that the phrase "and
did then and there unlawfully," etc., refers to the word
"afterwards" in the preceding clause, still there can be no
question that this clause fixes the place where the conver-
sion occurred, viz., in King county. The only point de-
cided in *State v. Mayberry,* 9 Wash. 193 (37 Pac. 284),
relied upon by appellant, is that the information in that
case did not charge that the conversion was in King county.
The time when, even with the construction placed upon
the language by appellant, is fixed as after March 28,
1900; but this clause clearly refers to the only date named,
which was March 28, 1900. The information is substan-
tially in the language approved by this court in *State v.
Turner,* 10 Wash. 94 (38 Pac. 864), and is sufficient.

2. In is insisted that the court committed error in denying defendant's motion to exclude counsel employed by the prosecuting witness from assisting the prosecuting attorney. In support of this motion affidavits were filed charging that such counsel was employed upon a contingent fee, and other charges not necessary to enumerate here. These charges are denied by affidavits filed in the cause, and the court, after hearing these affidavits, overruled the motion. This court in *State v. Elswood,* 15 Wash. 453 (46 Pac. 727), held that it was within the discretion of the trial court to allow special counsel to aid the prosecuting attorney in the prosecution of a case, and that such discretion would be interfered with only upon a showing of abuse thereof. After a careful reading of the affidavits, we are satisfied that the court did not abuse its discretion in this regard.

3. On errors alleged upon the denial of the motion for a new trial it is first insisted that the proof shows that the check for $20,500 on the First National Bank of Seattle was given by the prosecuting witness to the defendant, and that this check is not lawful money of the United States; that this check was converted, and not lawful money of the United States, and that there was, therefore, a fatal variance between the proof and the allegation in the information. If this position is correct, there can be no such crime in this state as embezzlement of money which is intrusted by check to another for a specific purpose. It is argued in appellant's brief that defendant could not be guilty of embezzling the check, because it was presented for payment to the bank upon which it was drawn, and delivered to that bank upon its payment, as the defendant was authorized to do; and also that defendant cannot be guilty of embezzling the money, because the money was not entrusted to

him, but a check, which check was not money. A large
number of authorities are cited to the effect that a check is
not money. This question was settled in this state in the
case of *State v. Krug,* 12 Wash. 288 (41 Pac. 126). The
court there said:

"The practical result of the transaction in this case was
that, when this check was given to Fuhrman and was paid
to Fuhrman by the New York exchange, and that amount
charged to the account of the city, the city of Seattle had
its account decreased by the amount of the check, and it
was just as much a disposition of that $10,000 by the
treasurer as though he had gone to the bank and got the
money himself and paid it to Fuhrman."

So it is in this case. The check was simply the instru-
mentality by which Hoshor obtained the money from the
bank, as much so as if Torrence had taken the $20,500 in
gold in his hand and passed it over to defendant, and de-
fendant had immediately passed it back to the bank and
received credit for it. When Hoshor drew the money
from the bank by his own check and transferred it thereby
to another, the effect was the same as if he had taken the
identical money and handed it by his own hand to that
other. *Commonwealth v. Mead,* 160 Mass. 319 (35 N. E.
1125); *Commonwealth v. Smith,* 129 Mass. 104; *Common-
wealth v. Tuckerman,* 10 Gray, 173; *Territory v. Meyer,*
24 Pac. (Ariz.) 183; *People v. Gallagher,* 100 Cal. 466
(35 Pac. 80); *State v. Palmer,* 40 Kan. 475 (20 Pac.
270); *Roberts v. People,* 9 Colo. 458 (13 Pac. 631); *Ex
parte Ricord,* 11 Nev. 287; *People v. Civille,* 44 Hun,
497.

Upon this question the court gave the jury the following
instruction:

"You are instructed that if you believe from the evi-
dence beyond a reasonable doubt that there was money de-

posited in the First National Bank of Seattle on the 28th day of March, 1900, to the credit of H. G. Torrence, in excess of $20,500 in lawful money of the United States, and that Torrence drew a check on said bank for $20,500, and that the defendant then and there presented said check to said bank, and that the bank obeyed the directions contained in said check and charged the amount on its books to said Torrence and credited the same to the defendant J. A. Hoshor, and thereby lessened the credit of said Torrence to the amount of $20,500 in lawful money of the United States, that such was the payment by the said Torrence to the defendant of money; for in such an event you should consider the check merely as the instrumentality by which the money of said Torrence was transferred from his possession to defendant."

This instruction was correct. The prosecuting witness testified, in substance, that $8,100 of the $20,500 was to be paid by Hoshor to himself upon making certain deeds to certain mining claims and upon delivering these deeds to the prosecuting witness; that until such time defendant was to hold the said money as agent for prosecuting witness. The defendant testified that the whole of the $20,500 was paid to him as part of the purchase price of these mining claims, and as his money absolutely. It was also claimed that this and other money was obtained from London by defendant and the prosecuting witness upon false and fraudulent representations, and belonged jointly to the defendant and prosecuting witness. The court instructed the jury upon this question as follows:

"I instruct you that the defendant had such an interest in $8,100 of the $20,500 that you cannot find the defendant guilty for retaining said sum of $8,100, and you should confine your consideration to that portion of the $20,500 in excess of said sum of $8,100."

And also:

"If the $20,500 mentioned in the information belonged jointly to the prosecuting witness and the defendant Hoshor, then you should find the defendant not guilty."

It is insisted that these instructions are inconsistent, and that if the former is correct, then the defendant's interest in the whole of the $20,500 was 81-205, and that he was entitled to a discharge under the instruction. The second instruction is certainly correct upon the theory that defendant was a joint owner with the prosecuting witness, and it leaves the question of joint ownership for the jury to determine. The first instruction tells the jury that $8,100 of the $20,500 is the property of the defendant, and they must confine their consideration to the excess of $8,100 in determining whether defendant is guilty or not. It was held by this court in *State v. Maines, ante,* p. 160 (66 Pac. 431) ; and in *Brandenstein v. Way,* 17 Wash. 293 (49 Pac. 511), that, where money was obtained from the sale of goods on commission, and the agent had an interest in the money to the extent of his commissions, such interest does not protect the agent from prosecution for embezzlement on the ground that the funds are joint property. Consequently, if the first instruction is error, it is error favorable to the defendant and harmless. Appellant argues, however, that if the instruction is correct, defendant is therefore the owner of 81-205 of each dollar, and to that extent a joint owner of the whole. We cannot agree to this conclusion. If, instead of giving the money to defendant in one check, two checks had been given, one for $8,100 and the other for $12,400, could it have been said that defendant had an interest in the whole? The fact that the money was paid in one check instead of two checks would not change the relation of the defendant to the prosecuting witness in regard to the money which be-

longed to each individually. If A. should pay to B. $2, one for himself and the other to be paid to C., and if B. should embezzle the dollar which he was to deliver to C., can it be said that because one of the two was paid to B. he was therefore a joint owner of both? Certainly not. Yet this is the argument of appellant. It is possible that appellant was the owner of $8,100 of this money, but even so, he would not be the owner of 81-205 of the whole simply because at the time he was paid the $8,100 as his own, he was at the same time intrusted with $12,400 to be paid to other persons.

Appellant insists that, because he received a credit for $20,500 in the First National Bank of Seattle, King county, then went to Tacoma, Pierce county, and there drew his check for the amount, and cashed it at the Pacific National Bank in Pierce county, and then and there received the money and placed the same in a safety deposit vault and other places, the conversion, if any occurred, took place in Pierce county and not in King county. Upon this theory of the case appellant requested the court to give to the jury the following instruction:

"If you find from the evidence that H. G. Torrence delivered a personal check to J. A. Hoshor for $20,500, and that said Hoshor, without the knowledge or consent of said Torrence, deposited the said check in the First National Bank of Seattle, King county, Washington, in his own name as a general depositor, and that afterwards the said Hoshor went to a bank in Tacoma, and drew a check upon the First National Bank of Seattle, King county, Washington, for $20,500, and at the same time the said Hoshor had other-moneys in the bank at Tacoma belonging to him, and that he afterwards drew his checks against the whole deposit in the bank in Tacoma, and received the money and appropriated it to his own use and benefit, and the bank in Tacoma got credit in the First National Bank in Seattle for the $20,500, then the defendant cannot be

convicted, under the information in this case, for embezzlement in King county, state of Washington, and your verdict will be not guilty."

This instruction was refused by the court and the following given:

"You are instructed that the crime of embezzlement is committed in the county where the wrongful conversion or failure to account takes place."

The court properly refused the former instruction, because it did not contain the essential element of conversion, viz., intent when defendant received the money; and further because it assumes that the conversion could have occurred only in Pierce county. In support of the instruction requested we are directed to the case of *People v. Murphy*, 51 Cal. 376. The court in that case held that, where the act of conversion was performed in another county, defendant could not be tried in the county where he received the property, unless he conceived the intent of committing the crime when he received the money; and it should have been submitted to the jury to find that intent from all the facts and circumstances appearing. The instruction requested is certainly opposed to this authority cited in support of it.

"As a general rule the offense is committed, not where the property is received, but where it is converted, unless it is received with intent to fraudulently convert it. If an employee, agent, or bailee, however, refuses to account for property or money, with fraudulent intent, in the county in which it was received, or, if in that county he conceives the intent to convert the property to his own use, and has possession with such intent, the offense of embezzlement is complete, although he may actually expend or dispose of the money or property in another county." 10 Am. & Eng. Enc. Law (2d ed.), 1025; *Calkins v. State*, 98 Am. Dec. 121, note, p. 161.

It is said by Bishop:

"Embezzlement may, in various circumstances, be deemed committed in any one of several counties at the election of the prosecuting power." 1 Bishop, New Criminal Procedure, § 61; 2 Bishop, Criminal Procedure, § 326.

In this case the information alleged the fact that the offense was committed in King county; that the money was received and converted in King county; that the defendant in that county afterwards refused to account therefor. The court instructed the jury that the crime was committed in the county where the conversion or failure to account took place. Defendant certainly could not complain of this instruction. We are of the opinion, however, that under the facts in this case the prosecution could have been maintained in either Pierce or King county. Section 6789, Bal. Code, provides:

"When a public offense has been committed partly in one county and partly in another, or the acts or effects constituting or requisite to the consummation of the offense occur in two or more counties, the jurisdiction is in either county."

There was an attempt on the part of the defendant to show at the trial that the money in question had been obtained unlawfully and fraudulently by the prosecuting witness, and belonged to him and the defendant jointly. A number of instructions, very lengthy, and very much involved, and reciting much of the evidence, were requested and refused. Error is based thereon. The substance of these instructions was given by the court in the following:

"If you find from the testimony that Hoshor and Torrence were both engaged in a criminal conspiracy, and by their joint efforts, by means of documents, papers, reports,

cablegrams, letters, and other means, they obtained by fraud and misrepresentations the money in question, and that the money thus obtained was placed in the name of Torrence, and Torrence placed it in the name of Hoshor, and Hoshor kept the money placed in his name, and refused to return it, and it was part of the money obtained by conspiracy, and that they both had full knowledge of how the money was obtained, you should find the defendant not guilty."

This instruction contained, in substance, all that defendant was entitled to under the request, and was certainly more concise than the ones requested. The court also instructed as follows:

"You are instructed that it is no defense to the charge of embezzlement that the person from whom the money was embezzled may himself have obtained it wrongfully or unlawfully."

This instruction is certainly correct. 2 Bishop, Criminal Law (8th ed.), § 359a; Clark & Marshall, Crimes, pp. 671, 784.

It is insisted that the following instruction given by the court is error:

"If you find from the evidence in this case that the defendant J. A. Hoshor was the owner of $20,500 referred to in the information, or that Torrence paid the defendant that amount, by check or otherwise, in part payment of mining claims owned by the defendant referred to in the mining deed introduced in evidence, you must find the defendant not guilty."

This instruction, standing alone, if there were no more, might be subject to the criticism appellant makes, viz., that it was erroneous, because it casts the burden upon defendant to show that he was the owner of the money. But immediately following the court instructed the jury as follows:

"If after hearing all the evidence in the case, you have any reasonable doubt as to whether the sum of $20,500 was or was not the property of the defendant, or paid to the defendant in part settlement of such mining claims, you must return a verdict of not guilty."

and previously the court had said to the jury:

"If you find from the testimony, or have reasonable doubt in the matter, that the defendant Hoshor honestly believed that he was entitled to the $20,500 so paid to him by check on the First National Bank of Seattle, Washington, and that he so believing retained the money as his part of the transaction by which the money was obtained, then your verdict must be not guilty. There can be no conviction of embezzlement unless there was a criminal intent at the time on the part of the defendant; and, if the defendant believed that he was entitled to keep the money, no matter how groundless you may find that belief was, yet he cannot be convicted of embezzlement if you have a reasonable doubt as to whether or not he believed that it was his money, and he was entitled to keep it."

Construing these instructions together, there was no error of which appellant can complain.

Appellant also complains because the court instructed the jury that it was their duty, in determining the facts, to determine, from the appearance and demeanor of the witnesses, their manner of testifying and their apparent candor, and frankness or lack of it, their bias or prejudice for or against the defendant, if any is shown, their apparent intelligence or lack of it, their interest in the result of the case, if any, and all their surrounding circumstances, the witness or witnesses most worthy of credit, and give credit accordingly. This instruction is in almost the same language used in *State v. Nordstrom,* 7 Wash. 506 (35 Pac. 382), and also in *State v. McCann,* 16 Wash. 249 (47 Pac. 443), and was in each of these cases upheld by this court, and we are satisfied is in accordance with the

weight of authority. 2 Thompson, Trials, § 2418 *et seq.;* Sackett, Instructions to Juries (2d ed.), p. 31; and authorities cited.

Complaint is also made of improper conduct on the part of the assistant prosecuting attorney during the trial. We have carefully examined the record in this respect, and are satisfied that whatever improper conduct, if any there was, was cured by the court by proper instructions to the jury at the time.

The complaining witness testified substantially that at the time he demanded of defendant that an accounting be had between them for the $20,500, and was informed by the defendant that he had taken the same for his own use, on that same evening defendant and his uncle clandestinely carried away a large number of private papers belonging to the prosecuting witness and pertaining to this money, and that these papers were afterwards found in defendant's possession. Over defendant's objection these papers were admitted in evidence, and this is claimed as error. One of these papers was a memorandum of the amounts which defendant was to pay to the parties named thereon, and was made up by defendant and the prosecuting witness at the time the money was intrusted to defendant. These papers were admitted as a part of the *res gestae* for the purpose, as stated at the time they were offered, of showing guilty intent on the part of the defendant. Some of these papers were clearly admissible, and others, if not proper, were harmless, and no error could be based thereon.

The questions herein discussed cover generally the points involved in the case, and are decisive of the errors alleged. We have gone carefully over the whole record, and are satisfied that there was no reversible error in the case. The same is therefore affirmed.

REAVIS, C. J., and FULLERTON, DUNBAR, ANDERS and HADLEY, JJ., concur.