BREAUX, 0.' J.'
The grand jury returned an indictment against the defendant for embezzlement in office, as tax collector for the Third district of the parish of Orleans.
From a sentence condemning him to pay an amount of $25,545.50, and five years’ service at hard labor in the penitentiary, he appeals.
At the beginning, the first proposition is that the misappropriation was not committed by method specified in. section 903 of the Revised Statutes, and that the indictment was not drawn under that section; that, if the indictment was drawn under that section, it was so drawn only in part, and there is duplicity in its terms.
To determine the question, we have taken up and carefully examined this indictment, in which defendant is charged with having misappropriated money of the state (stating the amount) by feloniously and wrongfully using, disposing of, concealing, and otherwise embezzling it in direct violation of law.
We are next brought to a consideration of the section under which the defendant was prosecuted. It concludes:
“An officer who converts to his own use In any way whatever, or shall use by way of investment, or use in any other manner than as directed by law; the public moneys with the collection of which he is intrusted. * * * ” Section 903.
The law provides that the neglect or refusal to pay over on demand any public money in his possession shall be prima facie evidence of its conversion and embezzlement.
The penalty is a fine equal to the amount of money embezzled and imprisonment not exceeding five years.
It is true that the defendant was not expressly charged with having converted the money to his own use, or with having used it by way of investment, or loaned it, but he was charged in another clause with having feloniously and wrongfully used the amount stated.
The details setting forth the use made of the money need not be specifically set forth, to the end of drawing a complete indictment for embezzlement against a public officer.
Under the terms of the law, the state is not necessarily concerned with the use which the officer has made of the money after the embezzlement.
Now, as relates to the meaning and direct import of the word “embezzlement,” another point raised by the defendant in contending that it has not the meaning sought ,to be given to it by the prosecution:
On this point, we are led to consult precedents. Decisions of the court have their use after they have stood the test of time and experience. They are entitled to due weight, and they are at the same time also useful in labor saving, to an extent at least. If the decision is quite in point, it relieves in some degree from the necessity of the work of exhaustive discussion in order to sustain a proposition.
The word “embezzle” in the decision cited infra is defined as in itself meaning to appropriate to one’s own use.
Here not only we have seen that the defendant was indicted for embezzlement, but the indictment specified that he as an officer had made wrongful and felonious use of public funds. This in itself has been held sufficient. State v. Wolff, 34 La. Ann. 1153.
Embezzlement is defined as a fraudulent appropriation to one’s own use of the money and goods intrusted to one’s care and control. The word is fully defined in “Words and Phrases,” vol. 3, p. 2350, and the definition does not differ with the views herein expressed.
In Bishop’s New Criminal Procedure, p. 322, the word “embezzlement” is equally as well defined. He says that the word “embezzlement” alone will suffice. It is well known in law. We leave this point with the statement that “embezzle” as used in the indict *293 ment means conversion- of the property embezzled.
In answer to defendant’s contention that the indictment is bad, both under section 903 and section 905 (another point in the case), we must say that the language of section 905 is not controlling; that the words in the indictment, which may also be found in that section (905), do not have the effect of rendering it bad. The indictment may be .drawn, in charging an officer with embezzlement, under section 903, without taking from the last-mentioned section (905) any of its clauses. But the fact that the pleader has inserted certain words is not misleading or confusing; the words cannot be considered in the light of duplicity in pleading, as, despite the insertion of those words, the indictment under section 903 remained complete. It denounces as complete an offense for which an indictment may be found. Other words may be considered as surplusage.
At this time, it occurs to us to state that counsel for defendant cites the State v. Palmer Case, 32 La. Ann. 565, in which it was held that the indictment should have been confined to the provisions of one section in that case, to wit, section 907, instead of •which it had been extended so as to include .clauses of section 905. It was held thht there was duplicity. The pleader sought to use clauses from each, and inserted them in the charge in the indictment. The court held that it was misleading and duplicitous.
In that decision the court stated that it •is difficult to perceive how or wherein it is framed under section 907.
That is different from the ease in hand, in which the indictment is confined to one section, and is not amenable to the objection here urged and sought to be sustained by reference to the decision cited. The clauses used in the indictment here are clear and rspecific, and are not confused by other expressions. It remains intact in meaning.
We note that the court holds in the cited case supra that while “embezzlement” necessarily includes conversion to his own use (which agrees with the views before expressed by us regarding the meaning of the word “embezzlement”) “yet that neither embezzlement nor conversion to his own use includes every species of wrongfully using,” cited in support of this decision identically the same section from Bishop which we have cited above regarding the word “embezzlement.”
We must say that we found no fault with the decision. True, the court held in the said cited case that the charge of embezzlement did not include every species of wrongfully using, disposing of, and concealing, denounced in other sections than the one under which the indictment was drawn, thus, as before stated, confusing things.
Here the question is different. It is whether the indictment includes sufficient of section 903 to constitute embezzlement. We do not hold that the charge of embezzlement includes “every species of wrongfully using.” We have naught to do with other sections and the clauses of other sections covering other wrongful using. The prosecution must remain with this section (903) stand or fall with it.
We are convinced that the indictment does charge the defendant with having committed one of the specific acts in that section, and that the clauses of the section apply to the embezzlement charged.
In leaving this ground, we will state that if it be as defendant contends, that the fraudulent intent is not an essential element under section 903, it surely, none the less, sets out an offense and leaves defendant here without ground of complaint.
But the word “embezzlement” of the section in question conveys the idea of fraudulent intent.
There is a definition in State v. Eames, 39 La. Ann. 986, 3 South. 93, which corresponds *295 with the views herein expressed that the word “embezzle” is sufficient to cover the conversion to one’s \ own use.
See, also, on the same subject, Bishop, Directions and Forms (2d Ed.) 403, 407.
Another objection of defendant is that the word “embezzle” is not used singly in the indictment; that it is stated in the indictment, “and otherwise embezzle.” “Otherwise” is used as a prefix.
Let us pause here a moment and consider this objection just as presented by the defense. The indictment reads, “that the defendant did wrongfully use, dispose of, or conceal and otherwise embezzle.”
It is said on the part of the defense that the two words cannot be separated, and that, in consequence, the case of defendant is prejudiced.
The full meaning of the word “embezzle” none the less remains; “otherwise” does not detract from the force of the word “embezzle.” In law, “otherwise” follows particular clauses, and may perhaps include other classes of offenses than those previously mentioned in some clauses.
With that meaning we are not concerned. We think here it refers to the previously enumerated clauses in the indictment. We are quite certain that the word “otherwise” does not have the effect of neutralizing or excluding the first enumerated clauses of the indictment.
The clauses under which the indictment was framed are distinct and clear. There was no attempt made to cumulate the offenses, as was done in the decision cited supra (32 La. Ann. 565), with those denounced in another section. A plain, distinct offense is stated. There is nothing left in doubt as relates to statute or indictment.
The learned counsel for defendant argues that the trial judge, in refusing to declare the indictment null and void, failed to appreciate the distinction which should be made between section 903 and section 905. The further contention is that the indictment must inform the defendant of what crime he is charged, and that if the defendant is an officer he must be charged with converting public money to his own use, and in that case he might meet the charge; but if when he comes prepared to show his innocence he is met by some one of whom he has never heard, who says that the state officer loaned him public money, then the defendant might not be able, not being warned beforehand, to show that the statement is false.
This is strongly put by the defense, but it loses its effect when it appears that the indictment did inform the defendant of the crime.
Despite this contention, we think we are right in holding that the state cannot under the law be held to prove how or in what manner the embezzlement occurred. Such requirement would frequently, we imagine, enable accused to escape punishment. The state is not necessarily concerned whether the defaulter loaned the money, or whatever use he may have made of it. It is sufficient if it appears that he is short in his accounts, or withholds settlement, or fails to' pay over the moneys collected.
It remains that the embezzlement is the-crime charged, and that it may be shown under the clauses of the sections denouncing different acts. It is well settled that clauses may enumerate several acts going to-show what was done with the money. As, for instance, that it was loaned, as mentioned in the statute, and without proof of the-loan the accused may be found guilty of embezzlement.
We will say in passing that offenses may be charged cumulatively in one count. The rule that a defendant must not be charged with having committed two or more offenses in one count of the indictment does not apply to cumulative offenses denounced in the same* statute. State v. Markham, 15 La. Ann. 499.
In the section here one crime is denounced- *297 in different clauses. The offenses set forth in the sections can be set forth in one count, as was done.
The defense is at this point that the "wrongfully use, dispose of, conceal and otherwise embezzle” (words of section 905) inserted in the indictment are fatal for duplicity in the case here.
That might be true if it were not that substantially these words are included in section 903. The word “embezzle” is used substantially in both sections.
The nest ground again brings up the words “or otherwise embezzle”; that the use of the words “or otherwise embezzle” is not found in section 903.
We will again state first in answer that ■“otherwise” finds an equivalent in section 903 in the use of the words “for any other purpose.” That section reads: “Any officer of this state, or any other person, who shall convert to his own use, in any way whatever, or shall use by way of investment in any hind of property or merchandise, or shall loan with or without interest, or use in any other manner than directed by law any portion of public money, which he is authorized to collect or which may be intrusted to his safe keeping or disbursement, or for any other purpose, shall be guilty of an embezzlement.” We consider that the words “or for any other purpose” are equivalent to “or otherwise.”
Learned counsel in reviewing the decision in the Wolff Case, 34 La. Ann. 1153, states that in his view there can be no doubt that under section 905 the indictment need contain only the word “embezzlement,” but that the Wolff Case surely cannot apply to a section (section 903) which does not contain the word “embezzle.”
We are constrained to differ from that view. As a matter of fact, section 903 does contain the following: “Or for any other purpose, shall be guilty of an ‘embezzlement’ of the same.” These words refer back to the preceding clauses, and convey the meaning that if he shall commit any of the acts stated in the section he shall be guilty of embezzlement. It follows that embezzlement is one of the offenses denounced in section 903.
Could not be Pleaded in Bar.
Under this heading, the defense draws nice distinctions. Nice distinctions can be made in embezzlement cases such as the one here, for they lend themselves easily to such distinctions. For instance, it is said by the defense that under section 903 the tax collect- or would be guilty of four separate and distinct crimes if on the same day he would loan a portion of public money, use a portion by way of investment in property or merchandise, or were he to convert a portion to his own use, and use a portion in a manner otherwise than as directed by law. Prom this, learned counsel infers1 that if an indictment were found under the clauses of the statute for any one of the said offenses it would be a bar to further prosecution under other clauses and for other acts thereunder.
We meet this by saying that, if the offenses are linked together and form part of one transaction (in one section), the defendant in answering would have to plead to the different clauses of the indictment, and, if found guilty under one clause, that would be sufficient to pass sentence.
The argument, however ingenious, is not controlling in this case, for the reasons we have already stated. The indictment was good; it is not subject to the objection urged. There is no question here of inability to plead in bar, and the argument does not suggest prejudice to the cause of the defense.
We come to the next objection of the defense in the order that they are presented; that is, that the indictment does not charge that the money therein alleged was public money.
Let us see how far this is sustained by the facts. Returning to the indictment before *299 us: It recites that the defendant took into his possession funds collected by him in the name of and for the state of Louisiana, his principal. It charges that the defendant was authorized to collect the amount.
But, says the defense, while the indictment, it is true, sets forth with much detail that the defendant was tax collector, and that as tax collector he was employed to collect taxes and licenses, and it was further alleged that by virtue of his office he did collect the sum charged to have been embezzled, that the money was for taxes or licenses, that the pleader does not allege that the money which he was authorized to collect was public money.
As to this, we can only repeat that our reading of the indictment has not led us to that conclusion. It does, substantially, allege that it was public money which he was authorized to collect for taxes or licenses. As an officer, the defendant was called upon to answer to the charge of having embezzled taxes; whether for taxes proper or licenses, both are taxes, and he, in these proceedings, at this time, without having asked for a bill of particulars, cannot sustain the position that the verdict should be annulled on the grounds urged. But the indictment does al-. lege that the money was collected for taxes; it charged that he was empowered to collect state licenses and state taxes. Here he is specifically prosecuted for having failed to account for licenses.
We are further told by the defense that the seventh ground of the motion in arrest of judgment accords with the doctrine stated in State v. Stiles, 5 La. Ann. 328. There is no comment by the defense on this point. We, none the less, examined this decision.
The court in that case states that the aver-ments were uncertain, insufficient, and on different grounds than here the verdict was annulled. Not one of the reasons,- as we re^.d them set out in that case, is pertinent here, except perhaps as relates to the jury’s return, to which we have given some attention, without arriving at the conclusion that it is pertinent here.
As relates to the judge’s charge: The insistence of the defense is that it does not define the offense denounced by section 903; that it makes no distinction between section 903 and section 905; that it confounds them.
In the bill of exceptions which brings up the point, and which we are now considering (No. 15), the judge instructed the jury that the charge against the defendant was that, while acting in the capacity of tax collector, he collected for and on behalf of the state a certain sum of money for taxes, and this money so collected by him for his principal he afterward embezzled or otherwise converted to his own use.
In this charge there is nothing that we have found, that is misleading; it refers specially to section 903, which was brought to the attention of the jury in such a manner as not to vitiate the verdict. No reference and no comment in the charge leads to the inference that it was such as to make it appear' that a crime had been committed which was denounced in the clauses of another section, and that is the gravamen of the complaint of the defense, or at any rate that there was something misleading or confusing about the charge in referring to another section.
We come to the point brought up before us in the bill of exceptions No. 16. This relates directly to the distinction which the defense says should have been observed by the trial judge in his charge between section 903 and section 905.
It is true that the trial judge directed in a degree the jury’s attention to the difference between section 903 of the Revised Statutes, under which the defendant was indicted, and section 905. He stated that a great many things are made embezzlement in section 903 which are not covered by other sections, specially referring to section 905,
*301 There is nothing misleading or confusing in this part of the charge. Further, as relates to this charge, it seems to us that it was fair enough; the judge said to the jury that if they were satisfied beyond a reasonable doubt that defendant did collect money for the state, and afterward embezzled it, they should return a verdict of guilty; if they were not satisfied, if they entertained reasonable doubt on any point necessary to make it out as guilty, it was their duty to find him not guilty.
Subsequently, we are informed that the judge changed this charge by informing the jury that if they found the defendant guilty their verdict should be guilty as charged.
He was found guilty as charged.
The trial judge in thus instructing the jury was consistent. His theory was that the whole deficiency was owing to a series of provable acts, and that if the intention was to find him guilty of having wrongfully caused the whole of the deficiency, then he was to be found guilty as charged; in other words, he was not to be found guilty of having embezzled part of the amount if the jury was convinced that it was the whole for which he was indebted.
The next ground is that defendant was not correctly charged with amounts due; in other words, that he was overcharged.
He was charged with having misappropriated $25,192.50 in lawful currency of the United States, collected by him for the state.
Defendant’s contention here is that he was charged in substance with blank licenses as cash in the United States currency, which he had received from the Auditor, which were of no value when he received them; that he might be short on this item without having misappropriated funds; that, as to these licenses, it was a collateral issue which should not have been proven.
We can only say in answer, licenses "were issued by the Auditor with which he was charged. Those he collected' were credited. As to the remainder in'¡the hands of the collector, those he does -not account for are charged up as so much United States currency due.
.This variance between cash charged and licenses received and not accounted for is a special ground of defense.
In our research we have found a decision sustaining the following propositions:
Under an information for embezzlement, proof of the embezzlement of the proceeds of a check constitutes no variance. State v. Hoshor, 26 Wash. 643, 67 Pac. 386.
Another ground of defense is that the series of acts could not be proven under the indictment.
This we do not think is a controlling objection.
Time need not be alleged when it is not of the issue of the offense. State v. Hoshor, 26 Wash. 643, 67 Pac. 386.
Now as to Amount Due.
Mr. Watson,, a public accountant, on examining the books, found, as he swore, that the balance due by the defendant on license account was the sum before stated; that the defendant was given credit for all license blanks returned or accounted for. The amount of license blanks originally transmitted to the defendant by the auditor was 31,025; after allowing him due credit, it was found that the amount for which he was indebted was the sum stated in the indictment.
This statement of the public accountant is fully corroborated. The jury acted upon this evidence and passed upon it finally. It is a question of fact, a matter of weight of evidence within the competency of the jury.
Amounts Collected by Defendant at Different. Dates for Which He has Accounted. ,
■' This' was allowed to- be- proven. Taking separate sums-at different-times is admissible *303 in proof where' it is¡ connected with, the charge as made, and forms part of a continuous whole.
There were collections made of licenses on different days, different from the days the prosecution proposed at first on trial to prove, as stated in answer to an inquiry of the defense.
It is sufficient to charge the embezzlement as of the date of the discovery of the shortage. Acts of embezzlement constituting a part of a continuous whole may be shown, though on different days than charged. McClain, Criminal Law, § 651; Am. & Eng. Ency. of Law, vol. 10, p. 1033.
As relates to the statement of counsel for the prosecution made to defendant’s counsel during the trial as to their purpose to prove collections of particular days, it is not sufficiently shown that it has worked prejudice to the defendant to afford a good ground of complaint. As the case developed, other acts of wrongdoing were shown; they form part of the same series of acts. The statements of the prosecuting officers were not of such a character as to render it necessary to exclude the proof.
The statute regarding embezzlement would be a dead letter if it were required to prove just when the accused received the funds. Embezzlement usually consists of a continuous series of acts of conversion. Underhill on Evidence, § 28.
The state proved continuous series of acts of conversion.
The witness for the state who was examined as an expert accountant (whose name was before given) was asked by the state’s attorney to state the amount of the total shortage in the defendant’s license account for the year 1907; to which he answered, “$25,192.50.”
The testimony was admissible over’ defendant’s objection.
Defendant’s attempt to escape responsibility on the ground that the licenses cannot be' charged against him as cash, and that in consequence witness could not testify as to the whole amount because in it he included the amount for licenses in defendant’s hands at the time, cannot be of any avail.
True, license blanks are not currency, and have no value except after they have been issued by the tax collector. But, as between the tax collector and the state, the moment that it becomes evident that the tax collector is a defaulter, that he has withheld his settlements for wrong purposes, the licenses charged up originally as cash remain as cash amount against him.
As to defendant’s defalcation, even by his own admission he was a defaulter.
Again, the auditor’s certificate is prima facie evidence.
It was evidence of the deficiency charged, and after the failure to account the license had moneyed value, and the witness can be heard to testify as to that amount, including the amount of licenses. It was assumed properly enough that he had converted the licenses to his own use. He was charged with the amount of the licenses at the time that they were delivered to him. He is presumed to have collected them, or, if he had not collected them, it was incumbent upon him to prove the noncollection.
The revenue laws are special; they are sui generis. Tax collectors are held to strict accountability in the interest of the government and of those governed, for without strict accountability of the officers of the government the governed become the sufferers.
The Auditor’s Certificate.
His certificate, to which we have just referred, and to the admission of which objection was raised, was admissible.
Regarding these certificates, the law provides that they “shall be read in evidence against an accused on the trial of the case.” Rev. Laws 1904, p. 1584, $ 79.
*305 This certificate shows that it was issued officially on the 2d day of April, 1907. It is a transcript of debits and credits of different dates in the auditor’s office. We will insert it here; it reads as follows:
License Account, 1907.
1906.
Dec. 27. To blank licenses 1907... $30,025 00
1907.
Feb. 26. To blank license 1907.... 5,000 00
Total . $35,025 00
Credit.
Feb. 12. By settlement. 1,450 00
March 11. By settlement. 8,030 00
9,480 Ó0
April 2. To balance due. 25,545 00
Having failed to account for a large sum, the state charged the defendant on April 2d, through the Auditor, for the license for March, for which he had never (it appears by the state’s evidence) accounted.
The contention of the prosecution is that as to March, 1907, the collector had not withheld his settlement more than 20 days. He certainly withheld other settlements over that number of days. We infer from the evidence that he withheld the March .settlement as well over that time. It was a part of a continuous defalcation, which, when it became known, required immediate attention ■on the part of the officers in charge.
The delay of the tax collector extends to all of the different settlements due. Delinquency of March and April, 1907, went to prove the system and intent. It was connected with part of defendant’s misapplication of the funds.
Regarding the prematurity of the demand on the ground that because the defendant had not withheld the amount the number of days: As to this point it appears, that defendant confessed his shortage on the 2d day of April. That of itself is evidence of his withholding settlements; that he was a defaulter. How can he be heard to set aside a verdict in the face of the showing that he had not settled as required, and owning at the time just mentioned that he was a defaulter?
It was entirely reasonable and lawful under the circumstances to charge him with the whole amount of licenses, less those, of course, for which he had accounted.
The defendant at different times in his defense insists that the burden of proof was with the state. Generally, in criminal cases, the burden of proof is with the state. Here the burden, as relates to accounting and settlement, is shifted under the law from plaintiff to defendant. It was for him to show good reason why licenses withheld by him were withheld. It is incumbent on the defendant to show what has become of the claims intrusted to him for collection; in other words, to settle; if he fails in this, he is liable for the amount. As to motive and intent, it remains with the state. State v. Viator, 37 La. Ann. 734.
Further, in regard to withholding settlements : The Auditor called on him in person for a settlement on the 2d of April, 1907, but he failed to obtain one.
Again, the Auditor testified that the return and settlement of tax collectors are due in his office from the 1st to the 5th of every month. He states as a witness that he made “demand as Auditor of public accounts on defendant for settlement of his license accounts for the year 1907.”
That part of section 77, Act No. 170, Acts 1898, directing when the returns shall be made, is as follows:
“The tax collector for the city of New Orleans shall make monthly settlements with the Auditor of public accounts and pay to the State Treasurer sums collected for the account of the state.”
The settlement from the 1st to the 5th of each month, as stated by the Auditor, is, we assume, in accordance with the custom of the Auditor’s office.
It seems to us that the proof sufficiently *307 shows that the defendant had been called upon to settle, and that he withheld his settlement as charged, and that, under the circumstances here, he could be treated as a delinquent on the 1st of every month. From that point of view, he had withheld his settlement. The accounting for the March collection could be exacted on the 1st of April.
There were sums paid in April, of which $2,600 paid by the sisters of the defendant form part. It was credited, we infer, to tax account and not to license account. The imputation of payment must stand; the amount was voluntarily handed over by the sisters in obedience to a noble sisterly impulse that does them great credit, thinking that thereby they would assist the brother in clearing himself from the charge against him. This amount was paid over unconditionally and properly credited by the Auditor, as well as another amount of about $700. These amounts cannot in law be now credited to March and April, 1907, and thereby enable defendant to have the verdict annulled on the ground that as to a part of the charge he was not guilty.
If there was error in thus imputing the amount, the error was not shown. It devolved upon defendant to show error, if any there was.
There is no merit in the contention that the trial judge erred in not taking the case from the hands of the jury on defendant’s motion by reason of the fact that there was no evidence in the entire case, as defendant contends, to show that he was guilty of the crime set forth in the' indictment. In this state, taking the ease from the jury is considered as an invasion of the jury’s province.
It is urged by learned counsel for the defendant that the trial judge should have at least instructed the jury that in order to convict the defendant of an embezzlement on April 2, 1907, they must find that he misappropriated a part of the March collection or a portion of the April collections.
' Erroneousness of the charge is not made evident by the bill. Court’s attention not called to asserted error. Exceptions must be specific. Knobloch’s Dig. p. 84. Should be brought to court’s attention. Id. pp. 100, 101,
There is some conflict in the testimony upon the subject (the collection made in April) between the Auditor and defendant’s clerk in regard to certain sums and when received. This conflict of testimony went to the jury, and has been decided adverse to defendant; besides, it was not material, the difference between the two was not great.
If the amounts remitted for these two months, March • and April, were not carried to the credit of these two months, and if these two months were entitled to credits not given, are questions to be determined on the evidence; they are issues of fact usually left to the jury. In any event the defendant could not use those collections to defeat the prosecution. We are of the opinion that proper credit was given.
In the last bill of exceptions (17) containing statements covering certain points, learned counsel refer the court to bills of exceptions No. 7 and No. 8, as setting forth all that was needful to sustain this last exception.
We re-examined these bills of exceptions, and left them convinced that there were no good grounds to change our opinion. The different entries show a continuous conversion, and, after proving one item withheld from settlement falling under the charge as made, it was possible to prove other items as well. They were not independent offenses, but one continuous offense of the tax collector, who chose to withhold instead of accounting for the funds in his hands.
We have considered the points ably presented in this closely conducted litigation, and have found no ground upon which to grant relief. The defendant has no one to blame but himself. As an officer, he was a *309 state agent, and owed a duty to Ms employer which lie failed to discharge.
It only remains for ns to affirm the verdict and judgment.
For reasons stated, the verdict and judgment are affirmed.
PRO YO STY, J., concurs in the decree.