BRUNOT, X
 

 The defendant was charged, in an indictment returned into court by the grand jury, with the commission of the crime of murder. He was formally arraigned, entered a plea of
 
 *863
 
 “not guilty” to the charge, and the case was regularly assigned for trial.
 

 In due course he was tried and the jury
 
 returned the
 
 following qualified verdict: “We, the jury, find the accused guilty as charged without capital punishment.” A motion for a new trial was filed, argued, and overruled, and the defendant was sentenced to serve a life term imprisonment at hard labor in the Louisiana State Penitentiary. From the verdict and sentence the defendant appealed.
 

 There are twenty-three bills of exception in the transcript. All of the bills except the second one reserved are numbered in consecutive order from 1 to 22, both inclusive. The unnumbered bill will be considered first.
 

 This bill was reserved to the overruling of an objection by the defendant to the state offering any proof in the case. We quote the only pertinent recital in the bill: “If the court pleases, the defendant through his counsel, objects to the State offering any testimony in the case, for the reason that the testimony sought to be produced by the witnesses would not prove the crime charged in the indictment.”
 

 The bill has no merit. The jury is the sole judge of the sufficiency of the evidence, and it is impossible for the jury to function until it has heard the evidence.
 

 Bill No. 1.
 

 This bill was reserved to a ruling permitting the district attorney to peremptorily challenge certain jurors who were examined on their voir dire. It is contended that article 354 of the Code of Criminal Procedure is unconstitutional because section 10, article 1, of the Constitution of 1921, does not expressly grant to the state the right to challenge jurors peremptorily, and therefore the Legislature was powerless to grant that right. This contention is answered by the mere statement that all legislative authority of the state that is not denied to the Legislature by the Constitution resides in that body. Section 10, art. 1, of the Constitution, merely safeguards the right of the accused to peremptorily challenge as many jurors as may be fixed by law. We find that article 354 of the Code of Criminal Procedure is not in conflict with any provision of the Constitution, and therefore the bill is without merit.
 

 Bill No. 2.
 

 This bill was reserved to a ruling permitting the coroner, a witness for the state, to answer the following question:
 

 “Doctor, which way was that man looking when — Rather, what position was his head in when he received the shot that went through and through?”
 

 The testimony was objected to as being in admissible because it called for the opin ion of the witness and because the witness had previously .testified that he did not know which shot was fired first. The coroner was testifying as an expert physician who had examined the wounds upon the deceased, and his opinion as to the direction the deceased was looking when the bullet that passed through his head was fired was therefore admissible. State v. Voorhies, 115 La. 200, 38 So. 964. The other objection is equally without merit, because the inquiry is only as to the shot that went through the head of the deceased.
 

 
 *865
 
 Bill No. 3.
 

 This bill was reserved to a ruling permitting the coroner to answer the following question:
 

 “What caused the death of Walter L. Catt?”
 

 The question was objected to upon the ground that the witness could not state the cause of Walter L. Catt’s death unless he knew Walter L. Oatt personally. Thereupon the district attorney changed the form of the question to read:
 

 “What caused the death of the man in the car?”
 

 If the first question was objectionable, it did not prejudice the accused because it was not answered. As to the second question, see State v. Crenshaw, 32 La. Ann. 406.
 

 Bill No. 4.
 

 This hill was reserved to a ruling of the court sustaining an objection by the state to a question propounded by defendant’s counsel to the coroner while on cross-examination, which we quote:
 

 “Doctor, the statement you have just made with reference to drinking of the deceased, did you learn that from the evidence and information generally of the witnesses who appeared before you as Coroner at the time you held the inquest?”
 

 During an earlier stage of the cross-examination of the witness, he had, in response to a question by defendant’s counsel, stated that he understood the deceased had been on a drinking spree. The district attorney objected to the statement as being hearsay and inadmissible. The objection .was sustained. The quoted question followed, the same objection was urged and sustained, and this bill vims reserved to that ruling. We see no error in the ruling.
 

 Bill No. 5.
 

 This bill was reserved to the overruling of defendant’s objection to the coroner stating his opinion as to the direction the bullet took after passing through the head of the deceased. The answer of the witness was:
 

 “The bullet followed a direct course from entrance of the skull to the exit. Since you ask for an opinion, I don’t see where the bullet could have gone but through the window.”
 

 The witness admitted that he was not an expert on ballistics, and, for that reason, counsel argue that he was not qualified to express an opinion as to the direction of the bullet after it passed through the head of the deceased. We fail to see in what respect the testimony was prejudicial to the accused, but, in any event, we think the opinion of the witness was admissible under the authority of the Voorhies Case cited supra.
 

 Bills Nos. 6, 7, and 8.
 

 It appears that the accused was represented by three counsel, all of whom insisted upon the right to examine each witness. The district attorney objected to more than one defendant’s counsel examining a witness at the same time, the court sustained the objection, and these bills were reserved to that ruling. This court in State v. Nugent et al., 116 La. 99, 40 So. 581, said:
 

 “Where there are several counsel, the court may limit to one counsel the examination of each witness. It is a matter pertaining to the police of the court.”
 

 
 *867
 
 Bills Nos. 9, 10, 11,12,13, 14, and 15.
 

 These bills present the same question, viz. the overruling of defendant’s objection to the admissibility of testimony as to the violent conduct of the accused and of threats made by him toward the deceased on the morning of and a short time prior to the homicide. It is true that some of the witnesses did not identify the deceased as the man the accused assaulted with a pistol and threatened to kill, but some of the witnesses did, and he was otherwise identified by his clothing. In State v. Davis, 154 La. 295, at page 313, 97 So. 449, 455, the court said:
 

 “In prosecutions for murder, proof of prior difficulties and of threats, as well as of attempts by a defendant to intimidate a witness, are admissible. State v. Baden, 42 La. Ann. 295, 7 So. 582; State v. Cavanaugh, 52 La. Ann. 1254, 27 So. 704; State v. Edwards, 34 La. Ann. 1012; State v. Birdwell, 36 La. Ann. 860.”
 

 Bills Nos. 16 and 17.
 

 These bills were reserved to the refusal of the court to instruct the jury to “bring in a verdict of not guilty.” In State v. Pascal, 147 La. 635, 85 So. 621, the court said:
 

 “Under the Constitution and statutes, court properly refused to direct verdict for defendant; the weight of evidence being for the jury.”
 

 See, also, State v. Dudenhefer, 122 La. 307, 47 So. 614.
 

 Bills Nos. 18 and 19.
 

 These bills were reserved to remarks of the district attorney to the jury. Bill No. 18 is based upon the allegation that the district attorney traveled out of the record. In the per curiam to the bill the judge says: “The argument was not out of the record.” All of the evidence is in the transcript, and we are of the opinion that it sustains the correctness of the judge’s statement.
 

 As to Bill No. 19, the District Attorney directed the attention of the jury to the father and widow of the deceased, who were seated in the court room, as mute evidence of the identity of the deceased. Counsel for defendant objected
 
 to
 
 the remark and asked the court to instruct the jury to disregard it, whereupon the judge said:
 

 “I cannot do that. I will charge the jury what the law permits me to do. Gentlemen of the jury, you are trying this case solely by the sworn testimony in the case and the law as given you by the court, disregarding anything other than the sworn testimony in the case and the law as given you by the court.”
 

 Counsel for defendant thereupon excepted and, with respect to the exception, the bill contains the following recital:
 

 “To which ruling of the court, the defendant, through his counsel, excepts, and reserves a formal bill of exception,” etc.
 

 We think the court properly instructed the jury. Directing the attention of the jury to the family of either the accused or the deceased who are present at the trial is not a ground for the reversal of the verdict. State v. Robertson, 133 La. 809, 63 So. 363; State v. Johnson, 149 La. 923, 90 So. 257.
 

 Bill No. 20.
 

 This bill was reserved to the judge’s refusal to specially charge the jury section A
 
 *869
 
 of paragraphs 671 and 672, Marr’s Criminal Jurisprudence. The judge says:
 

 “As to this bill, there was no special charge handed the court prior to the general charge. * * * The court refused to read Section A Paragraphs 671 and 672 of Marr’s Criminal Jurisprudence of Louisiana, because it had already covered the law in its general charge to the jury, as will be seen by the charge given in the matter.”
 

 The general charge is not in the transcript, but the charge as to circumstantial evidence, which the judge says he gave, is found in the court’s per curiam to this bill. We have read it carefully and approve it as being an accurate statement of the law.
 

 Bill No.. 21.
 

 This bill presents the same question we have disposed of in our rulings upon bills 16 and 17.
 

 Bill No. 22.
 

 This bill was reserved to the overruling of a motion for a new trial. The motion is based upon the alleged insufficiency of the evidence to support the verdict. The ruling is correct.
 

 Eor the reasons stated, the verdict and sentence are affirmed.