## COMMONWEALTH *v.* JOHN A. WILSON.

[Abstract Kentucky Law Reporter, Vol. 7—666.]

**Sufficiency of Indictment.**

> To make an indictment good under Gen. Stat., 1883, ch. 29, Art. 11, § 5, it must be charged that the accused wilfully misappropriated, misapplied, concealed and used the money of the state of Kentucky, of which he had the custody, control and possession, for his own use and purpose or the use of another with intent to deprive the commonwealth of the same.

### APPEAL FROM FULTON CIRCUIT COURT.

March 6, 1886.

OPINION BY JUDGE LEWIS:

The indictment in this case was formed under Gen. Stats. 1883, ch. 29, art. 11, § 5, and the offense as charged is wilfully misap-

propriating, misapplying, concealing and using the money of the state of Kentucky, he, the defendant, having the custody, control, and distinct possession of said money. But to constitute a complete offense in the meaning as well as the language of the statute the misappropriation, concealing and using of the money by the accused must be for his own purpose or the use of another with intent to deprive the commonwealth of the same, for there may be such an appropriation, concealing and using by a person without intent to deprive the commonwealth of the same, and without intent to use it for himself or for the benefit of another. The indictment therefore charges no criminal offense of which the defendant may be convicted. As the criminal code requires the indictment to be certain as to the offense charged, either in giving the name of it or a description of it as given by law, the omission referred to is a fatal defect.

The indictment is defective in failing to state that a license was granted by the county court to the merchants mentioned, for without such previous license, by an authority other than that of the clerk himself, he was not authorized to receive nor was the state entitled to the tax charged to have been collected by him. But the clerk is alone entitled to grant license and receive license tax from shows, and the facts in respect to the money received by the defendant from that source are sufficiently stated.

We do not agree with counsel that the statute in question was not intended to apply to the officers who are required to execute bonds to the commonwealth, for if that were so no officer could be convicted of wrongfully and fraudulently disposing of the money of the state, because all officers who collect money for the state are required by law to give bond.

But for the reason indicated the court properly sustained the demurrer and the judgment is affirmed.

*P. W. Hardin,* for appellant.

*N. B. Moss,* for appellee: