## Sebree v. Commonwealth.

(Decided January 11, 1921.)

## Appeal from Boyle Circuit Court.

1.  Criminal Law—Appeal—Instructions—Harmless Error.—On a trial of an agent of a piano company for embezzlement defendant was not prejudiced by the failure of the court to define the word, "fraudulently," as used in the instructions, where the facts constituting a fraudulent conversion were actually submitted to the determination of the jury, and the jury was told by another instruction to acquit the defendant if they believed from the evidence that he, in good faith, kept back or appropriated any of the money or property for his own use, believing that he had a lawful right to do so.

2.  Embezzlement—Defense That Corporation Was Not Authorized to do Business in State Not Available.—It is no defense to a charge of embezzlement against an agent of a corporation that the corporation was not authorized to transact business in the state in which the embezzlement occurred.

JOHN W. RAWLINGS and GEO. E. STONE for appellant.

CHARLES I. DAWSON, Attorney General, and EMMETT PUR-YEAR for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Warren R. Sebree was convicted of embezzlement and his punishment fixed at four years' confinement in the state penitentiary. He appeals.

Appellant was charged with embezzling certain pianos or their proceeds, the property of the Chase-Hackley Piano Company, a Michigan corporation. According to the evidence for the Commonwealth, Joseph G. Hall, who represented the Chase-Hackley Piano Company as its traveling auditor, came to Kentucky in 1916 and proposed to employ appellant to represent the company in the town of Danville and vicinity. Thereupon, appellant signed a written contract with the company by which the company was to furnish him pianos on consignment and he was to sell same in the above territory on such terms as the company might direct. The contract provided that all money, notes or other property received on the sale of any piano should belong to the company. The pianos were to be billed to appellant at certain prices and he was to receive as his commission

on each sale the excess which he might obtain over and above said price. On cash sales his commissions were due and payable when the company received the pay for the piano. On time sales he was to receive all of the first payment up to $50.00, while the balance of his commission was to be paid as the company received the money from the purchaser, provided that he was not then indebted to the company. After executing this contract, some twenty odd pianos were shipped to appellant. Several of these he sold and did not account to the company for the proceeds. Two of the pianos which he received were never accounted for.

Appellant's evidence is to the effect that he refused to enter into a consignment contract, but made an agreement with the traveling auditor by which he was to purchase the pianos as a dealer and was not to act as agent of the company. He further says that the auditor made a written memorandum of the latter agreement and sent it on for the approval of the company, assuring appellant that it would be all right for him to proceed with the sale of the pianos in the meantime. After that he, with the approval of the company, used blanks which he himself had drawn, and which stated that the title to the pianos was to remain in him until paid for. While admitting that he sold certain pianos and did not account for the proceeds, he claims that he used the proceeds in his business with the consent of the auditor, and that his equity in other contracts for the sale of other pianos exceeded his indebtedness to the company, and that these contracts were accepted by the company in discharge of his indebtedness. These statements were denied by the auditor.

It is first insisted that the court erred in failing to give the whole law of the case. The instructions are as follows:

1. "If you believe from the evidence in this case beyond a reasonable doubt, that the defendant, Warren R. Sebree, in Boyle county, Kentucky, and before the finding of the indictment herein, unlawfully, wilfully, feloniously and fraudulently, while the agent of the Chase-Hackley Piano Company, and said Company being then and there a corporation organized and doing business under the laws of the state of Michigan, and having its principal office and place of business at Muskegon, in the state of Michigan, and at the said time he

was an agent of said corporation, and had, as agent, in his possession for sale, while he, the said Sebree, was located in Danville, Kentucky, and doing business there for the said company as agent in the disposition and selling of pianos, and having in his possession the following instruments: style 9, No. 73965, consigned at $185.00, style 18, No. 77239, consigned at $275.00, style 8, No. 77786, consigned at $170.00, style 9, No. 74949, consigned at $185.00, style 7, No. 46871, consigned at $140.00, style C, No. 59032, consigned at $115.00, style 18, No. 74473, consigned at $275.00, style 8, No. 76751, consigned at $170.00, style 8, No. 79614, consigned at $175.00, for the purpose of selling same for cash and cash notes secured by a lien upon the instruments sold, and subject to the approval of said company, and for no other purpose and no sum less than the above specified, sold and traded the above instruments or any of them to various persons and appropriated the proceeds thereof wilfully, feloniously and fraudulently to his own use with the intent to deprive said company of the same and of its property, money and effects, and that said proceeds came to his hands as agent and sales agent of said company and were placed in his possession and under his care and management as such agent, and he wilfully and fraudulently and feloniously converted the same to his own use and benefit, without the knowledge or consent of said corporation and against its consent, with the intent and purpose of fraudulently depriving it thereof, then you will find defendant guilty and fix his punishment at confinement in the state penitentiary for not less than one year nor more than ten years, in your discretion.

2. "If you have a reasonable doubt from the evidence, of the defendant's having been proven guilty, you will find him not guilty.

3. "If you believe from the evidence in this case that the defendant was not acting as agent of the corporation, the Chase-Hackley Company, or that he had purchased the pianos in question outright, you will find for the defendant.

4. "If you believe from the evidence that the defendant in good faith kept back or appropriated any of the money or property for his own use, believing that he had the legal right so to do, you will find for the defendant."

The particular complaint is that the court failed to define the word, "fraudulently." It is true that under the peculiar facts of the case of Taylor v. Commonwealth, 119 Ky. 731, 75 S. W. 244, it was held prejudicial error not to define the word "fraudulently." However, it will observed that in this case before the jury could convict the appellant, they were required to believe from the evidence that he was the agent of the corporation, that the pianos came into his possession for the purpose of sale, that he sold or traded the same and that the proceeds came into his hands as such agent, and that "he wilfully and fraudulently and feloniously converted the same to his own use and benefit, without the knowledge or consent of said corporation and against its consent, with the intent and purpose of fraudulently depriving it thereof." It will thus be seen that the facts constituting a fraudulent conversion were actually submitted to the determination of the jury. Not only so, but the court further told the jury to acquit the defendant if they believed from the evidence that he, in good faith, kept back or appropriated any of the money or property for his own use, believing that he had a lawful right to do so. It seems to us, therefore, that these two instructions fully advised the jury as to what would constitute a fraudulent conversion, and appellant was not prejudiced by the failure of the court to define the word, "fraudulently."

Another contention is that the Commonwealth failed to show by competent evidence that the Chase-Hackley Piano Company had complied with section 571, Kentucky Statutes, making it unlawful for any corporation to carry on any business in this state until it shall have filed in the office of the secretary of state a statement signed by its president or secretary, giving the location of its office or offices in this state, and the name or names of its agent or agents thereat, upon whom process can be served. We deem it unnecessary to decide whether the fact of filing was properly proved. The rule that one who receives money or other thing of value, in the assumed exercise of authority as agent for another, is estopped thereafter to deny such authority, applied in criminal prosecutions as well as in civil cases. Thus, it has been held that it is no defense to a charge of embezzlement against an agent that the corporation obtained the property illegally, State v. Hoshor, 26 Wash.

653, 67 Pac. 386, or could not own such property under the .statute, Leonard v. State, 7 Tex. App. 417, or that it entrusted the property to the agent for the purpose of hindering its creditors, People v. Ward, 134 Cal. 301, 66 Pac. 372, or for use in gaming or other illegal purpose. State v. Shadd, 80 Mo. 358; Commonwealth v. Cooper, 130 Mass. 285. Following this view of the law, the courts are agreed that it is no defense to a charge of embezzlement against an agent that the corporation was not authorized to transact business in the state in which the embezzlement occurred. In such a case the rights of the Commonwealth are involved, and the wrongful act of the principal cannot be invoked as a protection against the still more wrongful act of the guilty agent. 9 R. C. L. 1298; State v. Blakemore, 226 Mo. 560, 126 S. W. 429, 27 L. R. A. (N. S.) 415; State v. O'Brien, 94 Tenn. 79, 28 S. W. 311, 26 L. R. A. 252; State v. Pohlmeyer, 59 Ohio St. 491, 52 N. E. 1027; State v. Tumay, 81 Ind. 559; People v. Hawkins, 106 Mich. 479, 64 N. W. 736.

Not finding in the record any error prejudicial to the substantial rights of the appellant, we are not at liberty to reverse the judgment.

Judgment affirmed.

Whole court sitting.