## Commonwealth v. Fitzpatrick, County Judge.

(Decided September 26, 1924.)

### Appeal from Letcher Circuit Court.

1. Criminal Law—Judicially Known that County Judge Does Not have Possession or Control of County Tax Money.—It is judicially known that county judge does not, by reason of his official position, have care, custody, possession, and control of county tax moneys, or ordinarily of any of its funds, and that same are paid out only upon order of fiscal court, school board, or other proper tribunal as prescribed by law.

2. Indictment and Information—Must Allege Facts Showing How County Judge Came Into Possession of Money Without Consent of Proper Officer or Board.—To charge county judge with misappropriation of county funds, it was necessary to state facts showing how he came into possession thereof, and that he appropriated and converted them to his own use without consent or authority of officer or board empowered to make disposition of particular funds involved, and charge that he misappropriated moneys without consent of county was mere conclusion of pleader, in view of Criminal Code of Practice, sections 122, 124.

FRANK E. DAUGHERTY, Attorney General, and JOE HALL for appellant.

R. MONROE FIELDS for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The indictment herein, to which the lower court sustained a demurrer, accuses the defendant as county judge of Letcher county of "unlawfully, fraudulently, and feloniously misappropriating and converting to his own use money of value, the property of Letcher county, without the consent of the owner thereof," and stated as the facts upon which the charge is based that on January 28th, 1924, the defendant "unlawfully, fraudulently, and feloniously, and without the consent of said county of Letcher, did appropriate and convert to his own use the sum of $900.00 of good and lawful money of the United States belonging to said county," of which he had "the care, custody, possession, and control" by reason of his official position.

We are informed, however, by brief of counsel for the Commonwealth, that the $900.00 was paid to appellee upon order of the fiscal court of the county as salary for his services as county judge, and that the real purpose of this prosecution is to test the validity of that order,

which it is claimed upon an argument presented in the brief is invalid.

This information as to the real purpose of the proceeding and the true facts upon which the Commonwealth hopes eventually to rest its case is of course foreign to the present hearing, except as it makes it apparent that the allegations in the indictment that appellee appropriated $900.00 of the county's funds "without its consent" and that these funds were in his "possession and control as county judge" are but the pleader's conclusions as to both the law and facts involved, and that the indictment does not state or attempt to state the acts constituting the offense charged, as required by sections 122 and 124 of the Criminal Code, even if it be conceded, as claimed by counsel for the appellant, that it charges the offense of malfeasance in office.

We know judicially that the county judge does not, by reason of his official position, have the care, custody, possession, and control of the county tax moneys as charged, or ordinarily of any of its funds, and that same are paid out only upon order of the fiscal court, school board, or other proper tribunal, as prescribed by law.

It follows that to charge appellee with misappropriation of county funds it was necessary to state the facts showing how he came into possession of same; and to aver that he appropriated and converted same to his own use without the county's consent, it was necessary to allege that it was done without the consent or authority of the fiscal court, or such officer or board as is empowered by law to make disposition of the particular funds involved.

We conclude therefore that the lower court did not err in sustaining the demurrer to this indictment and dismissing same.

Judgment affirmed.