## Pebley v. Commonwealth.

(Decided December 18, 1928.)

TYE, SILER, GILLIS & SILER, R. L. POPE and WILLIAM LEWIS for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, Jr., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Appellant was convicted of the crime of embezzlement and sentenced to five years in the state penitentiary. The grounds upon which he relies for reversal of the judgment will be noticed as they arise in the opinion.

It appears in evidence that the city of Corbin operated a municipal waterworks and electric light plant. Its agents inspected the meters monthly and reported to the city clerk the amount of water and electricity consumed by each patron. The city clerk filled out duplicate bills on printed forms furnished for this purpose in a bound volume which was delivered to the city tax collector. Upon collecting the bill, the tax collector receipted the original bill with a rubber stamp and gave it to the patron, and also stamped the duplicate, "Paid." The tax collector made daily deposits of his collections, and by means of perforations in the books detached the duplicate receipts of paid bills. He totaled the amount of these in his daily reports, which he was required to make, attached the deposit slip thereto, and returned them to the clerk. Aside from the water bills, the company charged for installation of pipes, meters, and cost of labor employed in making such installation and entered these under a heading known as the "Tapping Account," and these amounts were furnished to and collected by the tax collector, and reported by him in the same way.

Pebley was regularly appointed as tax collector by the city council on April 21, 1923, for a period of one year, and thereafter by annual extensions retained the office until the 31st of March, 1927. In the early part of

1927 it developed that he had not reported to the clerk all the collections he had thus made. The council employed a firm of expert accountants to audit his accounts. The result of the audit was a finding that he had failed to report and account for a sum aggregating over $23,-000, arising from the water and light bills, and the bills of the tapping account which it appeared he had collected. It further appearing that at the time the audit was closed he had on hand something over $1,700 in cash and over $7,000 in city warrants drawn on other funds aside from the water and light fund, matters he was authorized to pay out of the general fund, but which when deducted still left an excess of $13,000 unaccounted for. Defendant did not testify on trial.

On this appeal it is first urged that the indictment is defective. It reads:

"The grand jury of Whitley county, in the name and by the authority of the Commonwealth of Kentucky, accuse J. M. Pebley of the offense of misapplying, misappropriating, concealing, using, loaning, and wrongfully and fraudulently disposing of, for his own use or that of another, money and funds, the property of the city of Corbin, Kentucky.

"Committed in manner and form as follows, viz.: The said J. M. Pebley on the 26th of May, 1927, before the finding of this indictment and in the county and state aforesaid, did unlawfully, willfully, feloniously, corruptly, wrongfully, and fraudulently misapply, misappropriate, conceal, use, loan and otherwise wrongfully and fraudulently dispose of $23,018.19, in good and lawful money of the United States, the property of and belonging to the city of Corbin, and belonging to what was known as the Light & Water fund of the said city, and which said money was received by him and came into his hands as city collector for the said city, he being at the time the duly elected and appointed and acting city collector in and for the said city, and as such city collector he had the custody and distinct possession of the said money, and which came to his hands from various citizens of the city of Corbin, the names of which citizens are to the grand jury unknown, and which said money was paid by the said citizens for light and water service rendered by said city, the said Pebley being at the time under the duty and

trust to keep said money safely and pay same to the Treasurer of the said city of Corbin, at the times prescribed by law, and the said Pebley having collected the said money as aforesaid, under the trust and duty as aforesaid, did in violation of said trust and duty unlawfully, wilfully, feloniously, fraudulently, wrongfully and corruptly and otherise wrongfully and fraudulently misapply, misappropriate, conceal, use, loan and otherwise wrongfully and fraudulently dispose of the said sum of money so belonging to the said city, for his own use and purpose or for the use and purpose of another, and this with the intent to permanently deprive the said city of same and the use of the same.''

It will be noted that the indictment embodies the essentials of the crime laid down in Smedley v. Commonwealth, 138 Ky. 1, 127 S. W. 485, 129 S. W. 547. Thus appellant is charged with receiving and having in lawful custody $23,018.19, the property of and belonging to the city of Corbin; that this sum is specifically charged to be a part of the water and electric light fund of that city that was collected by him as city collector under a duty and trust imposed by law to receive and pay to the clerk of the city of Corbin; that, instead of paying it over to the city treasurer, he appropriated and converted the money to his own use; that such appropriation and conversion of the money by appellant was fraudulently and feloniously done with the intent to deprive the city thereof. The defendant was thus put on notice of the issues to be met.

But it is argued that it fails to show the city's ownership of the property alleged to have been embezzled. The argument is that the words, ''The property of and belonging to the city of Corbin and belonging to what was known as the water and light fund of the city,'' are merely a conclusion of law and not a statement of fact; that in order to show the ownership of property in the city, it was essential to state that the city of Corbin was authorized to and did provide its inhabitants with light and water, either by contract or by operating works of its own; and that pursuant thereto, it, by its common council, had fixed the rates and charges for such service. While forcible and apparently sustained by some authority, we do not think the argument sound. The plea of not guilty put in issue every essential averment in the

indictment, and it was not essential for the common-wealth to plead the city's source of title, as this was a matter of evidence essential to be proved upon the plea of not guilty. The evidence upon such matters is a matter of record as accessible to the defense as it is to the commonwealth, and no advantage is afforded the prosecution by permitting such evidence to be introduced under a general allegation of ownership. It has long been the practice in actions of ejectment, claim and delivery, and trespass, as well as in prosecutions for larceny and trespass and like prosecutions, to merely allege ownership of the property involved in the injured party, and to treat this as a statement of fact. And no good reason can be perceived why a different rule should apply to cases of embezzlement. True, it has been held that if the defendant is not the character of officer who is entitled to the custody of state or municipal funds, it is essential to allege facts in the indictment showing how he came into the possession of the embezzled funds. Com. v. Fitzpatrick, Judge, 204 Ky. 483, 264 S. W. 1104. And where the indictment pleads source of title in the injured municipality and shows on its face that the municipality was not the owner of such funds, is it bad on demurrer. Com. v. Alexander, 129 Ky. 429, 112 S. W. 586, 33 Ky. Law Rep. 971. Also in Com. v. Wilson, 7 Ky. Law Rep. 666, 13 Ky. Opinions 984, an indictment against the county clerk was held defective "in failing to state that a license was granted by the county court to the merchants mentioned, for without such previous license, by an authority other than that of the clerk himself, he was not authorized to receive nor was the state entitled to the tax charged to have been collected by him," and this would seem to be authority for appellant's contention. But that case was in effect overruled, in Com. v. Bodley (Ky.) 31 S. W. 463, 17 Ky. Law Rep. 561, where a similar indictment was upheld; the allegation of ownership in the latter, being, "that it was the property of the state of Kentucky, which Bodley had received from divers and sundry persons in the payment of license fees for the retail of spirituous, vinous, and malt liquors, . . . each and all due and owing the state by the persons paying the same." And this case was cited with approval in Smedley v. Com., supra. Commonwealth v. Brand, 166 Ky. 753, 179 S. W. 844, is relied on by appellant. There an instruction was approved requiring the jury to believe

certain facts showing ownership of the embezzled prop-
erty in the county. No question can be raised as to the
correctness of that conclusion, but the court added: "The
instructions followed the allegations of the indictment as
to the certification of the taxes by the auditor of public
accounts to the county clerk and by him to the sheriff, and
without such allegation in the indictment it would not
have been sufficient." The sufficiency of the indictment
was not an issue in that case, and the matter quoted must
be regarded as dicta. It is doubtless true that the usual
practice has been in indictments of this character to set
out in detail all of the steps taken by the state, county, or
municipality leading up to the possession of the embez-
zled funds by the defendant. But aside from the dicta in
the Brand case it has not been held to be essential, and it
was held not to be so in the Bodley case. The tendency
of modern practice is to simplify criminal pleading, and
no good reason is perceived for such elaboration of state-
ment. We conclude the allegation in this indictment is
sufficient.

The first instruction followed the language of the in-
dictment, except it omitted all reference to the intent of
accused in the misapropriation of the money. Under the
statute the misappropriation must be "for his own pur-
pose or the use of another with intent to deprive the
owner of authority of the same, or of any part
thereof. . . . " Intent is thus made an essential ele-
ment of the crime. We have so held in Commonwealth v.
Wilson and Smedley v. Commonwealth, supra. Cf.
Richards v. Com., 195 Ky. 333, 242 S. W. 591, and cases
there cited. In this respect the instruction was preju-
dicially erroneous, and for this reason the judgment must
be reversed.

Wherefore the judgment is reversed, and cause re-
manded for proceedings consistent with this opinion.