## Nickens v. Commonwealth.

(Decided March 15, 1929.)

H. F. S. BAILEY for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER TINSLEY—Affirming.

The defendant was convicted of embezzlement and sentenced to the penitentiary for 3½ years. On his appeal from the judgment against him, he insists that the indictment is insufficient; that incompetent evidence

was introduced against him; that he was entitled to a peremptory instruction; and that the instructions given are erroneous.

1. The charge against the defendant is that while town marshal and tax collector of Morton's Gap, a city of the fifth class, he embezzled and converted to his own use money, the property of the town, which he had collected as taxes by virtue of his office as tax collector, with the intent to permanently deprive the owner thereof.

(a) It is urged that the indictment charges two offenses, in that it alleges that part of the sum charged was embezzled in 1924 and a part in 1925. We do not think the indictment subject to any such construction. The specification is that "the said F. E. Nickens in the county of Hopkins, on the —— day of 1924 and 1925, and before the finding of this indictment, did," etc. We think the language employed relates to the period of time during which the funds were alleged to have been embezzled, and not that it charges part of the sum was taken during one year and part the other year.

(b) It is further urged that the indictment is defective in that it charges the defendant was "employed" by the city council of Morton's Gap as marshal and tax collector, when the Statute (section 3619) provides that he shall be "appointed." This argument of counsel is mere play upon words and is without substance.

(c) It is also complained that, inasmuch as section 3629, Kentucky Statutes, provides that the marshal shall collect all taxes placed in his hands by the city council, and that by section 3644, it is required that the council shall provide a system for assessment, levy, and collection of taxes which shall conform as nearly as possible with that for the collection of taxes for county purposes, and that by section 4128a2, Kentucky Statutes, the sheriff is not authorized to collect taxes until the tax books have been certified to him by the county clerk, the failure to allege the steps taken by the board of council of Morton's Gap in the assessment and levy of the taxes in question, and that such taxes had been duly certified to the marshal for collection, renders the indictment defective.

The rule in this regard is contrary to appellant's contention. An indictment against a public official for embezzlement is sufficient if it follows the statute and shows the defendant's official character and alleges that the money or property embezzled was received or held by him in virtue of his office.

The indictment meets every requirement of section 122 of the Criminal Code and conforms to our opinions in Commonwealth v. Bodley, 31 S. W. 463, 17 Ky. Law Rep. 561; Smedley v. Commonwealth, 138 Ky. 1, 127 S. W. 465, 129 S. W. 547; Pebley v. Commonwealth, 227 Ky. 39, 11 S. W. (2d) 981.

Complaint is also made that the court erred in overruling his motion for a bill of particulars. We have held that the requirement from the commonwealth of a bill of particulars is a matter within the sound discretion of the court. Commonwealth v. C. & O. Ry. Co., 128 Ky. 749, 110 S. W. 253, 33 Ky. Law Rep. 92. While the action of the trial court in granting or refusing a bill of particulars is reviewable in this court and subject to correction if its discretion is abused, we are unwilling to hold that its refusal in this case was such error as will justify a reversal. The indictment charged appellant with having appropriated to his own use and with the intent to deprive the owner thereof moneys which he had collected as taxes due the town of Morton's Gap. What moneys he had collected and from whom must be presumed to have been known by him; and no one knew or could have known better than he whether any taxes he had collected had been by him converted to his own use.

2. The incompetent evidence complained of is that the court permitted the introduction of a book showing the valuation of property for taxation in Morton's Gap and permitted the witness to state that the valuations therein shown were the amounts upon which the taxes appellant was charged with embezzling were ascertained. It is complained that there is nothing on the book to indicate its character; that it is not dated; that the property therein referred to is not described; that there is no certification of it; and that this book in no respect complies with section 3655, Kentucky Statutes, regulating the assessment of property in fifth-class towns. The city assessor, by whom this book was introduced, identified it as the book upon which he made and recorded the assessment, and stated that it was the assessment record of the town of Morton's Gap. This was competent.

3. To support his contention that he was entitled to a peremptory instruction, appellant urges that, inasmuch as the assessment record above referred to was insufficient to show a valid assessment of property, no taxes could be legally levied thereunder, and that as the orders of the board of council by which the taxes were levied

were of their own terms, insufficient and therefore void, no taxes could be legally collected, and, for that reason, there could be no embezzlement of taxes collected under an invalid assessment and levy; and, as upholding this contention, he relies upon the cases of Mason v. Cook, 187 Ky. 260, 218 S. W. 740, and Commonwealth v. Alexander, 129 Ky. 429, 112 S. W. 586, 33 Ky. Law Rep. 971.

The Mason case was an action to surcharge a sheriff's settlement and to recover of his sureties funds which the sheriff had collected and not accounted for, in which were moneys he had collected as taxes upon properties which had not been assessed for taxation. One of the defenses relied on by the sureties was that since the sheriff could not be guilty of embezzlement for collecting and appropriating moneys so collected, his bond was not liable therefor. In denying that contention, we said: "The reason of his criminal guilt of the crime of embezzlement being absent, is that the sheriff is forbidden by statute to collect taxes until the assessment is certified to him for collection, and to constitute the crime of embezzlement the property embezzled must have been legally in his custody."

The Alexander case was an indictment charging him as sheriff of Owen county with having collected the sum of $2,286 as taxes upon property which had not been assessed for taxation. A demurrer was sustained to the indictment on the ground that the collection of the money under such circumstances did not constitute embezzlement, and in upholding this ruling of the circuit court we said: "The collection by appellee of the sum alleged from the various taxpayers of the county on property which had not been assessed for taxation was a plain violation of the law. It did not relieve the taxpayers from their liability to the county, and they could have sued appellee immediately and recovered each of the various sums paid to him. It was their money. It did not belong to the county. If appellee held it in trust, it was for the persons who paid it to him, and not for the county."

It is apparent that neither of these cases sustains appellant's contention. They simply hold that the sums collected by the sheriff were not taxes or money belonging to the county, and for that reason appropriating them to his own use was not an embezzlement from the county.

The orders of the board of council levying the taxes in question are substantially alike; one of them reads as

follows: "Moved by Wilcox and seconed by Davis, that ordinance be passed fixing the tax levy at 75c on each $100.00 worth of property and poll at one dollar ($1.50) and fifty cents."

No ordinance was passed. That order constitutes the sole action of the board of council and the sole authority emanating from it for the collection of the taxes which appellant is charged with embezzling. Manifestly it does not comply with the requirements of sections 3644 and 4281u, Kentucky Statutes. In the case of City of Somerset v. Somerset Banking Co., 109 Ky. 549, 60 S. W. 5, 22 Ky. Law Rep. 1129, we held void a tax levy of the city of Somerset made in substantially the same language. But, even if it be conceded that the assessments and levies were void, that fact affords appellant no escape from the consequences of his act. 20 C. J. 451; Sebree v. Commonwealth, 190 Ky. 164, 227 S. W. 152.

Appellant insists further that, since it is not shown that at the time of his appointment as marshal in January, 1924, or at any time subsequent thereto, he took the oath of office or executed bond, he was not an officer—for that fact his motion for a peremptory instruction should have been sustained. To this we cannot agree. In 20 C. J. 452, it is said: "An indictment and prosecution for embezzlement may be maintained against one who is an officer de facto, as well as against an officer de jure. Thus, the failure of defendant to give the required bond or to take the prescribed oath of office is no defense to his prosecution for embezzlement, where he has in fact exercised the functions of the office. . . ."

Lastly, it is complained that the instructions are erroneous in that appellant was entitled to an instruction under section 1358a, Kentucky Statutes, and he relies upon Runyon v. Commonwealth, 215 Ky. 689, 286 S. W. 1076. That case holds that, even though an offense may not be a degree of the one charged in the indictment, if by omitting the particular circumstance of time, place or person charged in the indictment, the instrument will yet charge a public offense, it is proper to instruct as to it. In this case, if the circumstance of time, that is, while appellant was marshal, or the circumstance of place, that is, the town of Morton's Gap, or, the circumstance of person, that is, the municipal corporation, be omitted, the indictment states no offense; the charge—the offense —is the embezzlement of taxes collected. He could only

collect taxes in virtue of his office and for one of the taxing units referred to in section 1205, Kentucky Statutes, under which the indictment was drawn.

Perceiving no error, the judgment is affirmed.