## Commonwealth v. Bain et al.

(Decided Oct. 27, 1931.)

J. W. CAMMACK, Attorney General, and JAMES M. GILBERT, Assistant Attorney General, for Commonwealth.

J. H. TAYLOR for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

The grand jury of Bell county returned an indictment against Joe Bain and Allie Bain, the accusatory part of which charged them with the crime of embezzlement. In the descriptive part of the indictment it is charged, in substance, that at the time the alleged offense was committed, Allie Bain was the collector of taxes for the city of Pineville, a municipal corporation, with power to levy and collect taxes, and that it did assess all of the

property in the city subject to taxation for municipal purposes and certified same to Allie Bain for collection; that she received the tax books for such levies, and that Joe Bain conspired and confederated with, aided, abetted and advised the defendant Allie Bain to embezzle the funds of the city, and, in pursuance with said confederation and conspiracy, they did receive and have in their possession a part of the taxes levied by the city amounting to one dollar and other sums unknown which belonged to and was for the use of the city and was in the possession of Allie Bain, as collector, and her coconspirator, aider, and abettor, Joe Bain, under a trust and duty to keep, pay, and deliver same upon order and direction of the city authorities; that defendants had "control, custody, and distinct possession" of such money and funds of the city, and did "willfully, fraudulently and unlawfully embezzle, misapply and misappropriate, conceal, use, loan, and otherwise wrongfully, fraudulently and feloniously" dispose of the sum of one dollar and other sums of said money belonging to the city for their own use and purpose with intent to deprive city of same.

Defendants interposed a demurrer to the indictment which was sustained by the court, and the commonwealth, pursuant to the provisions of section 337 of the Criminal Code of Practice, has prosecuted this appeal. The record does not disclose and no suggestion is made as to the ground upon which the lower court sustained the demurrer.

On first impression, it might appear that the indictment is subject to demurrer because the accusatory part charges the crime of embezzlement and the descriptive part the offense denounced by section 1205, Ky. Statutes; embezzlement not being a common law offense, and not having been defined nor specifically made an offense by the Legislature of this state. The only sections of our penal statute in which the term embezzle is used, so far as has been pointed out or as our research discloses, are sections 1202 and 1203, and these sections do not apply here. More mature reflection leads to the conclusion that the meaning of the word embezzle has so generally come to be understood as meaning the fraudulent conversion or appropriation of money or property by a person to whom it has been intrusted that its meaning as used in this indictment could not be misunderstood and was sufficient to apprise defendants of the crime charged.

Webster defines "embezzle" as follows:

"To appropriate fraudulently to one's own use, as property intrusted to one's care; to apply to one's private uses by a breach of trust, as, to embezzle money held in trust."

In the case of the Metropolitan Life Ins. Co. v. Miller, 114 Ky. 754, 71 S. W. 921, 922, 24 Ky. Law Rep. 1561, it is said:

"Embezzlement is defined as the fraudulent appropriation or conversion of the property of another by one who is intrusted with the possession, 2 Bishop, Criminal Law, sec. 325 (2); 10 Am. & Eng. Ency. of Law, 978. The words, therefore, 'embezzle and fraudulently convert,' are synonymous."

If, as held by this court, embezzlement and fraudulent conversion are synonymous, then the indictment in the accusatory part, in effect, charges fraudulent conversion of property intrusted to the accused, the identical crime denounced by section 1205, which is aptly charged in the descriptive part of the indictment.

The indictment in this case is in all material respects similar to an indictment held good by this court in the case of the Commonwealth v. Bodley, 31 S. W. 463, 17 Ky. Law Rep. 561. In that case, it will be noted that the opinion at the outset stated that the indictment charged the defendant with "embezzlement," and in the case of Pebley v. Commonwealth, 227 Ky. 39, 11 S. W. (2d) 981, an indictment, in substance and effect, the same as the indictment in this case and evidently returned under section 1205 of the Statutes, is recognized by the court as charging the crime of embezzlement. We find from an examination of the authorities in other jurisdictions that embezzlement is generally defined and understood to be fraudulent appropriation of money or property by a person to whom it has been entrusted. U. S. v. Greve (D. C.) 65 F. 488; Moore v. U. S., 160 U. S. 268, 16 S. Ct. 294, 40 L. Ed. 422; State v. Winstandley, 155 Ind. 290, 58 N. E. 71; People v. Hill, 3 Utah 334, 3 P. 75; People v. Westlake, 124 Cal. 452, 57 P. 465.

To hold this indictment bad because of any conflict or variance between the accusatory and descriptive parts of the indictment would be to depart from the modern rule of disregarding hypercritical and mere technical

deficiencies in indictments as referred to in Middleton v. Commonwealth, 226 Ky. 220, 10 S. W. (2d) 812.

It will be noted that the indictment charges every essential element constituting the crime defined by section 1205, of the statutes, viz.: (1) That Allie Bain as tax collector had received and had in her custody lawful money; (2) that such money was the property of the city of Pineville; (3) that it was collected by her as collector of taxes under a duty and trust imposed by law to receive and account for same to the city; (4) that instead of paying it over to the city she converted it to her own use; (5) that the appropriation, misapplication, or conversion of the money was done with a felonious intent to deprive the city thereof.

The indictment further charges that Joe Bain conspired and confederated with, advised, counseled, aided, and abetted Allie Bain in the wrongful acts charged in the indictment.

Where two or more are accused of committing a crime, one of them may be indicted as principal and the others as aiders and abettors, or all may be indicted as principals. Section 1128, Ky. Stats, makes accessories before the fact liable to the same punishment as principals. This is true whether such accessories are indicted as aiders and abettors or as principals. Hogan v. Commonwealth, 230 Ky. 680, 20 S. W. (2d) 710, and cases cited therein.

From what we have said, it follows that the lower court erred in sustaining a demurrer to the indictment, and its judgment in so doing is therefore reversed.