**John S. (Jack) WATKINS, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 1, 1957.

Brents Dickinson, Jr., Glasgow, for appellant.

Jo M. Ferguson, Atty. Gen., Albert G. Rhea, Asst. Atty. Gen., for appellee.

BIRD, Judge.

Appellant, former clerk of the Glasgow Police Court, was indicted, tried, and convicted for misapplying funds belonging to the city in violation of KRS 434.020(1).

Reversal is sought solely upon the ground of erroneous instruction to the jury. The only instruction to which complaint is made reads as follows:

"*Instruction No. I.* If the jury shall believe from the evidence to the exclusion of any reasonable doubt that on or about the 2nd day of July 1955 that the Defendant, Jack Watkins, while acting as Clerk of the Glasgow Police Court, collected and received from Raymond Cook the sum of $23.50, which was the property of the City of Glasgow and that he *misapplied* said sum and did not remit, pay, or deliver to the City of Glasgow said sum, then you should find him guilty as charged and fix his punishment at confinement in the Penitentiary not less than one (1) nor more than ten (10) years." (Emphasis ours).

It is complained that the instruction omits all reference to the intent of accused in disposing of the money.

■ To constitute a crime under the statute, the act must be done with intent to deprive the owner of his property. Intent is an essential element and failure to instruct on it is prejudicial error. Pebley v. Commonwealth, 227 Ky. 39, 11 S.W.2d 981.

■ Appellee contends, however, that the court did sufficiently instruct on intent insomuch as the word "misapplied" as used in the instruction connotes a willful wrong and an evil purpose. Definitions and synonyms from Webster, Black, and Roget are cited in support of the contention. We do, upon examination, find such connotations in some of the definitions. However, the jurors are not armed with such authorities and will not be presumed to know the technical meanings of words which, in common usage, are simple in meaning.

■ It was therefore incumbent upon the trial judge to instruct the jury in such a manner as to make reasonably clear the essential elements constituting the crime charged. This was not done.

The judgment is reversed and remanded for proceedings not inconsistent with this opinion.