**Haile JONES et al., Appellants,**

v.

**WATSON–WILSON TRANSPORTATION SYSTEM, INC., et al., Respondents.**

Nos. 50645–50649.

Supreme Court of Missouri.

Division No. 1.

Dec. 14, 1964.

Motion for Rehearing or to Transfer to Court En Banc Denied Jan. 11, 1965.

Thaine Q. Blumer, Blumer & Wright, of counsel, Kansas City, for appellants.

Joseph N. Miniace, Louis J. Pelofsky, James D. Shine, Jr., Kansas City, for respondents, H. Clay Ward and Roy L. Williams.

Ivan E. Moody, Popham, Thompson, Popham, Trusty & Conway, of counsel, Kansas City, for respondent, Watson-Wilson Transportation System.

HIGGINS, Commissioner.

■ These appeals are from a judgment dismissing appellants' petitions for damages for alleged breach of a collective bargaining agreement. The prayer in each case is for $170,000 and this court has jurisdiction. Article V, Section 3, Missouri Constitution, V.A.M.S.; Section 477.040, RSMo 1959, V.A.M.S.

The petitions are identical and contain allegations which, taken as true, establish the facts that follow: Defendant-respondent Watson-Wilson Transportation System, Inc., operated a truck line in interstate commerce with a terminal in Kansas City, Missouri. Defendants-respondents H. Clay Ward and Roy L. Williams were the business agent and president, respectively, of Local 41, Teamsters Union, which represented members of Teamsters in the Kansas City area employed by Watson-Wilson. Prior to June 16, 1960, appellants were over-the-road truck drivers, members of Local 961, Teamsters Union, Denver, Colorado, employed by Watson-Wilson, and domiciled at Denver, Colorado. Watson-Wilson and Locals 961 and 41 were parties to "Central States Area Over-the-Road Motor Freight Agreement" which provided, among other things, that Watson-Wilson could not change the domicile of appellants without the express consent of Local 961, the Central States Drivers' Council, Watson-Wilson, and Local 41. On or about June 16, 1960, Watson-Wilson requested an operational change from Denver to Kansas City that would also cause a change in appellants' domicile. Agreement was reached by which the operational change was made, and appellants were at that time granted the right to bid ten seats for runs from Kansas City to Denver with the home terminal being Kansas City, and with successful bidders to have preferred rights to those runs over members of Local 41. Absent such

new provision, terminal seniority would prevail under the Central States Agreement. Pursuant to these negotiations and the authority of the Central States Agreement, appellants successfully bid the ten runs and transferred to Kansas City and into Local 41. Appellants allege that they were not permitted to enjoy their preferred rights due to conspiracy engaged in by respondents for the purpose of Watson-Wilson avoiding difficulty with Local 41. Appellants state that they have exhausted their administrative remedies under the contract by following the grievance procedure provided by the agreement, and claim damages "because of breach of contract." Article 8 of the Central States Area Over-the-Road Motor Freight Agreement referred to in appellants' petitions was before the court below without objection, and is as follows:

"CENTRAL STATES AREA OVER-
THE-ROAD MOTOR FREIGHT
AGREEMENT

"Article 8.
Grievance Machinery and
Union Liability
Section 1.

"The Union and the Employers agree that there shall be no strike, lockout, tie-up, or legal proceedings without first using all possible means of a settlement, as provided for in this Agreement, of any controversy which might arise. Disputes shall first be taken up between the Employer and the Local Union involved.

"Failing adjustment by these parties, the following procedure shall then apply:

"(a) Where a Joint State Committee, by a majority vote, settles a dispute, no appeal may be taken to the Joint Area Committee. Such a decision will be final and binding on both parties. Provided, however, that the Joint Area Committee shall have the right to review and reverse any decision of the Joint City or State Committee and make a final decision on the case if the Joint Area Committee has reason to believe the decision was not based on the facts as presented

to the City or State Committee or in the possession of either party and not presented to the City or State Committee, provided further, however, that such action by the Joint Area Committee may be taken only by unanimous vote."

Respondent Watson-Wilson and respondents Ward and Williams filed motions to dismiss for lack of jurisdiction over the subject matter in each case pursuant to Supreme Court Rule 55.31, V.A.M.R. The motions, although not identical, are the same in substance, and their pertinent portions are as follows:

"This court has no jurisdiction of the subject matter and alleged claims or cause of action asserted in the plaintiff's petition herein for the following reasons:

"a. The subject matter of the plaintiff's petition * * * constitute(s) a complaint (of unfair labor practice) that is solely within the jurisdiction of the National Labor Relations Board pursuant to Title 29 U.S.C. (National Labor Relations Act).

"b. Plaintiff alleges * * * that he 'has exhausted his remedies under the contract by following the grievance procedure outlined therein.' * * * Plaintiff's grievance and remedies are exclusively subject to that collective bargaining agreement which covers all the parties to this action, and this court does not have jurisdiction of the subject matter."

The trial court found that the motions to dismiss for lack of jurisdiction over subject matter should be sustained and, without specifying which ground was relied upon, ordered the petition in each case dismissed.

Appellants state but one point under their "Points and Authorities," and it is that "The Court Erred in Dismissing Plaintiffs' Petitions for the Reason That the Court Does Have Jurisdiction of the Causes Herein Because the Dispute Does Not Involve an Unfair Labor Practice Within the Meaning of the National Labor Relations Act But Is an Action for Breach of Contract Caused by an Unlawful Conspiracy."

The argument portion of appellants' brief is headed by the same charge, and appellants' brief is limited to that single assignment of error. In their argument appellants state that "The sole question before the Court is whether or not the petitions filed herein allege an unfair labor practice within the meaning of the National Labor Relations Act and therefore the dispute is governed by the Act and that the Circuit Court * * * has no jurisdiction." No error was assigned as to the second reason (b) contained in the motions upon which the trial court may have relied in dismissing the petitions.

In Hardy v. McNary, Mo., 351 S.W.2d 17, 20[1–3], we said: "Supreme Court Rule 83.05(a), V.A.M.R., requires that the brief of an appellant contain 'The points relied on, which shall show what actions or rulings of the Court are sought to be reviewed and wherein and why they are claimed to be erroneous.' * * * In the absence of plain error affecting substantial rights within the meaning of Supreme Court Rule 79.-04 the appellate court does not rule on issues not properly preserved for review. It is the general rule of universal application that an appellate court will indulge in the presumption that the trial court's action from which the appeal is taken was correct, and that appellant has the burden of affirmatively establishing the alleged error upon an appeal. Morris v. Willis, Mo. Sup., 338 S.W.2d 777, 780; James v. James, Mo.Sup., 248 S.W.2d 623; Davidson v. Hennegin, Mo.Sup., 304 S.W.2d 836; 5 C.J.S. Appeal and Error § 1533, p. 1025. Respondent does not have the burden or duty on appeal to establish the correctness of the judgment. Lakin v. Postal Life and Casualty Co., Mo.Sup., 316 S.W.2d 542, 70 A.L.R.2d 564." See also Lubrication Engineers, Inc. v. Parkinson, Mo.App., 341 S.W.2d 876, 877[1–3].

█ With these principles in mind we can agree with appellants' sole point as to ground "a" of the motions, and must, nevertheless, sustain the ruling of the trial court

on the presumption that the judgment of the trial court on the other and unattacked ground (b) was correct. Royster v. Baker, Mo., 365 S.W.2d 496, 498[1]. Appellants have not attempted to show wherein the court may have erred in sustaining the motions to dismiss on the second ground (b) contained in the motions. Appellants must, therefore, be held to have failed to meet their burden of demonstrating reversible error, and it is neither the duty nor the function of the appellate courts to do so for them.

The judgment of the trial court is affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All concur.