Elbert BOTKINS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 1, 1965.

Don B. Mills, Barbourville, for appellant.

Robert Matthews, Atty. Gen., Charles W. Runyan, Asst. Atty. Gen., Frankfort, for appellee.

MONTGOMERY, Judge.

Elbert Botkins was convicted of embezzling $11.65 paid to him as Justice of the Peace on a fine. He was sentenced to one year's confinement. He appeals and argues that he was indicted under KRS 434.010 which does not cover the offense of which he was convicted; the indictment is invalid and the instruction is erroneous for failure to charge intent as provided in KRS 434.-020; and the verdict is flagrantly against the evidence.

In substance the testimony for the Commonwealth shows that Tom Black paid appellant $11.65 on a fine for his son, Charles Foley Black; that appellant received the money in his capacity as Justice of the Peace of the Third Magisterial District of Knox County; that appellant executed a receipt dated October 2, 1962, for the payment of the fine; and that the Knox County records with respect to the collection of fines and forfeitures did not show that appellant had ever turned in or reported a fine against Charles Foley Black in any amount. From this testimony the jury could have believed that appellant, in his official capacity, collected and failed to account for $11.65 of the Charles Foley Black fine. It is sufficient to sustain the verdict.

Appellant said that to the best of his knowledge he had never collected a fine from Charles Foley Black and that he did not know what the receipt to Tom Black was for or what it represented.

The indictment, in part, charged as follows:

"EMBEZZELMENT (sic) A Justice of the Peace of the Third Magisterial District, Knox County, Kentucky, embezzled Eleven dollars sixty five cents

($11.65) cents (sic) of said County's money, same being paid by Tom Black on a fine for Charles Foley Black."

Apparently in obedience to RCr 6.-10(3) the indictment contained a reference to KRS 434.010. Appellant moved to dismiss the indictment for failure to state any offense and charged that the statute referred to was inapplicable. The reference to KRS 434.010 was erroneous, but RCr 6.10(3) provides that an error in such citation "shall not be ground for dismissal of the indictment * * * if the error or omission did not mislead the defendant to his prejudice."

The charge of the indictment as set forth above contained "a plain, concise and definite statement of the essential facts constituting the specific offense" with which appellant was charged. This is sufficient. RCr 6:10(2). Eisner v. Commonwealth, Ky., 375 S.W.2d 825; Brown v. Commonwealth, Ky., 378 S.W.2d 608.

The remainder of appellant's argument on the motion to dismiss was addressed to the failure to allege the fact of incorporation as contained in KRS 434.010. Generally embezzlement may be defined as the fraudulent appropriation or conversion by an agent, an employee, a corporate officer, a trustee, or other person acting in a fiduciary capacity, or character, of money or property, the possession of which has been entrusted to him by another. 18 Am. Jur., Embezzlement, Section 2, page 571. The use of the words "embezzlement" and "embezzled," as well as other descriptive words, plainly charges an offense under KRS 434.020. It was unnecessary to allege incorporation as the indictment states an offense under KRS 434.020. Commonwealth v. Bain, 240 Ky. 749, 43 S.W.2d 8.

Lastly, it is argued that the instruction was faulty for failure to say that the act must be done with intent to deprive the owner of his property. Appellant relies on Watkins v. Commonwealth, Ky., 298 S.

W.2d 306, wherein the instruction required the jury to believe that the defendant "misapplied" a certain sum.

The Watkins case is distinguishable. Here, the instruction required the jury to believe beyond a reasonable doubt that the appellant did "unlawfully, fraudulently and feloniously, convert to his own use" the money entrusted to him. While it would have been better practice to include the statutory language referring to intent, it is considered that the use of the phrase "convert to his own use" connotes a purposeful or intentional diversion of the money from its proper use to his own use, which is sufficient for the jury's understanding of the offense and its nature. There is no such connotation in the use of the word "misapplied" in the Watkins instruction. The instruction given was not prejudicial. However, appellant cannot now question the correctness of the instruction since the record does not reveal any objection to it at any stage of the proceeding. Hence, it is too late to raise it for the first time on appeal. Hartsock v. Commonwealth, Ky., 382 S.W.2d 861; Rice v. Commonwealth, Ky., 387 S.W.2d 4; Piper v. Commonwealth, Ky., 386 S.W.2d 13.

Judgment affirmed.